## No. 8808.

## MOUNTAIN MOTOR FUEL COMPANY ET AL. *v.* RIVERS.

1. *Negligence—Not Presumed.* Plaintiff must make it appear by reasonably certain affirmative evidence, that the injury of which he complains was attributable to the negligence of his adversary.

2. *Injury by Fire.* Action for injury by fire attributed to the negligence of the defendant. The evidence examined, and held insufficient to support a verdict for plaintiff.

*Error to Denver District Court, Hon. A. Watson McHendrie, Judge.*

*En banc.*

Messrs. DOUD & FOWLER, Mr. ERNEST B. FOWLER, Mr. GEORGE P. STEELE, for plaintiffs in error.

Mr. CHARLES F. MORRIS and Mr. WILLIAM R. EATON, for defendants in error.

Opinion by Mr. Justice Teller.

THE defendant in error recovered a judgment against the plaintiffs in error in an action for damages from the burning of an automobile in a garage owned by defendant Quine, but occupied by a lessee.

The complaint charged that the defendants had been negligent in the following particulars: That the Fuel Company drove a gasoline tank motor truck into said garage, and negligently backed it against the wall, so that the gasoline in the tank was spilled upon the floor, whence it "flowed down through the floor of the said garage in and upon the furnace, or heating apparatus, of said garage, thereby causing the fire which resulted in destroying plaintiff's automobile"; that defendant Quine was negligent in having a furnace in said garage, in violation of a municipal ordinance, which prohibits the keeping of any heating apparatus in a garage; and in having a coal hole in said floor above the furnace.

It appears from the record that the tank truck was backed against the north wall of the garage so forcibly that it rebounded toward the middle of the room ten or twelve feet; that it was so damaged that the gasoline, of which there were thirty gallons in the tank, ran out at the rear on the floor; that the floor was of concrete three to five inches thick, and sloping toward the middle of the garage; that some three feet from the north wall, and four to six feet easterly from the tank, there was a coal hole

in the floor two feet square, with a cover flush with the floor; that directly beneath this opening there was a coal bin, about ten by twelve feet, boarded up to the ceiling; that from five to six feet west of the bin was the furnace, in which there was a fire at the time of the accident; that an explosion and a fire followed, almost immediately upon the breaking of the tank; and that the motor on the truck was running when the explosion occurred.

One witness testified that the gasoline poured from the back of the truck and spread both ways; that he ran to the truck with a five-gallon funnel and attempted to catch the gasoline and divert the flow to the center of the building; that the funnel was filled in a very short time, a heavy stream flowing out; and then the explosion occurred, "it flamed all at once." Another witness testified that he was in the basement, heard the tank wagon drive in and strike something, and, as he got upstairs, it all took fire. He said: "I saw a small amount of fire back of the truck, then I caught fire." And, further, "the first fire I saw was on the floor near the coal hole. I could see under the truck. Before I got out of the building the fire spread all over; there was fire on the car."

The driver of the truck was killed.

This is substantially all the testimony concerning the beginning of the fire.

At the close of plaintiff's case, the defendants moved for a non-suit on the ground, among other things, that there was no evidence which showed or tended to show that any gasoline came in contact with the heating apparatus in the basement. The overruling of this motion is assigned as error.

One witness was asked if he knew of anything in the building that could have caused the gasoline to ignite except the stove. The answer was: "Nothing only the running motor." He further said: "I have known motors to ignite gasoline," and, further, that to fill a tank with gasoline with the motor going was dangerous.

The plaintiffs in error invoked the rule that a verdict based upon conjecture and possibilities merely can not be upheld. *Chicago, etc., R. R. Co. v. Church,* 49 Colo. 582, 114 Pac. 299. Or, as is stated in *Elkton Con. M. & M. Co. v. Sullivan,* 41 Colo. 244, 92 Pac. 679: "Mere conjecture can not be resorted to, to supply the place of either direct or inferential proof." This case also properly holds that: "In an action for negligence, the plaintiff must be confined to the acts of negligence alleged, and the results thereof, whereby injury was caused, as stated in his complaint."

In *Pueblo Power Co. v. McGinley,* 5 Colo. App. 238, 38 Pac. 425, the court said: "The burden rests on the plaintiffs to show affirmatively not only that the fire might have proceeded from the defendant's use of its property, but they must make it fairly certain by reasonable affirmative evidence that it did so originate."

In this case the evidence discloses that there were two possible causes of the fire; one for which the Mountain Motor Fuel Company alone would be responsible, i. e., the firing of the gasoline from the running motor; and the other for which defendant Quine would, defendant in error claims, be responsible, i. e., the firing of the gasoline from the furnace.

The rule is, as stated in *D. & R. G. R. R. Co. v. DeGraff,* 2 Colo. App. 42, 29 Pac. 664, and frequently cited by this court, that, in cases involving the origin of a fire, "while the jury, within certain limits, may be left to infer the fact from the circumstances proved, such proof should be sufficient to rebut the probability of the fire's having originated in any other manner."

In *City of Boulder v. Stewardson,* 26 Colo. App., at p. 293, 143 Pac. 820, the court quotes with approval from a Kansas case as follows:

"Mere theories and inferences do not authorize a verdict in a case of this kind unless they are the only conclusions which can reasonably be drawn from the facts proven."

"When the fact that the damages claimed in an action were occasioned by one of two causes, for one of which the defendant is responsible and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause. And he must fail also if it is just as probable that they were caused by the one as by the other, as the plaintiff is bound to make out his case by the preponderance of evidence. The jury must not be left to mere conjecture, and a bare possibility that the damage was caused by the negligence of the defendant is not sufficient. * * * The facts proved are equally consistent with the theory of the accident which would discharge the defendants as with one that would charge them; and in the absence of some evidence as to the fact a judicial trial does not substitute an unfounded guess or conjecture for the legal proof which the law requires. *Deschanes v. C. & M. R. R. Co.*, 69 N. H. 285, 46 Atl. 467. To the same effect is *L. & N. R. R. Co. v. Stayton,* 163 Ky. 760, 174 S. W. 1104.

We do not find that the plaintiff's evidence is sufficient to sustain the allegation that the gasoline ran through the floor into or upon the furnace, or that the fire was due to the gasoline's, or gas' developed therefrom, being ignited by the fire in the furnace.

The difficulty in sustaining the verdict is that we are called upon to infer from the fact of the running out of the gasoline, and the fact that there was a hole in the floor not far distant from the tank truck, that gasoline ran through this hole; and then further to infer from this fact that it ran at once to the furnace, and resulted in the explosion.

It is elementary that an inference is not to be drawn from a fact which is itself based upon a prior inference. *U. S. v. Ross,* 92 U. S. 283. See also *City of Boulder v. Stewardson,* supra.

There being no direct evidence that the act of defendant Quine in placing the furnace in the basement—if negligent

because in violation of an ordinance—was the cause of the fire, and there being no circumstances shown from which that fact may be directly inferred, the verdict as against him is without support.

The judgment is accordingly reversed.

Judgment reversed.

Decided February 4, A. D. 1918. Rehearing denied April 1, A. D. 1918.