## No. 15,650.

ELLIOTT *v*. THE PEOPLE.
(174 P. [2d] 500)

Decided November 12, 1946.

Mr. F. E. DICKERSON, Mr. A. F. ZARLENGO, Mr. C. E. WAMPLER, for plaintiff in error.

MR. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of the larceny of a yearling calf, owner unknown, and sentenced to the state penitentiary for a term of three to six years. To review that judgment he prosecutes this writ and assigns as error, inter alia, the giving of instruction No. 9. Since we conclude that this assignment is good and requires reversal we ignore the others as either wholly unfounded or referring to minor errors not likely to arise on another trial.

This prosecution was instituted under the following statute: "In the prosecution of any person charged with the larceny of any neat cattle the ownership of which is alleged to be unknown, proof of the failure, neglect or refusal of any person or persons who has butchered any neat animal as herein provided to produce a hide or, in lieu thereof, to give a true explanation as to the disposition made of the hide and to inform said officer or officers making demand where such hide is at the time of request for exhibition, shall be prima facie evidence of the guilt of such person or persons of the larceny of neat animal, and *in all prosecutions for the larceny of neat cattle, the owner being unknown, it shall not be necessary in order to convict the defendant or defendants for the people to prove motive, intent or purpose on the part of the accused or to identify the meat with the said animal or animals alleged to be stolen or to prove that any specific animal of any owner, unknown or otherwise, has been lost.*" '35 C.S.A., c. 160, §39.

384

The information charged that defendant, "Did then and there unlawfully and feloniously steal, drive, lead, carry away and knowingly kill one head of neat cattle, to-wit: one yearling of the personal property, goods and chattels of the owner or owners unknown." Instruction No. 9 is the italicized portion of the statute, supra. Defendant contends that the statute is unconstitutional and if not, the instruction is not in conformity. The people maintain the contrary.

The jurors were told "that the burden is upon the people to prove every material allegation of the information to their satisfaction beyond a reasonable doubt." That "the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt." That "the information is a mere accusation and not in itself any evidence of guilt."

1. It will first be observed that if instruction No. 9 be taken at its face the people in this case were required to prove only that defendant had butchered an animal and had not produced the hide or given a true explanation of its disposition, or informed the officers where it could be found. Thus the presumption of innocence and the requirement for proof of the corpus delicti and criminal intent were junked.

2. It will next be observed that instruction No. 9, so construed, was in direct conflict with other instructions given the jury.

3. Mindful of the general rule that courts of review will not decide constitutional questions unless indispensable to a disposition of the case, we conclude such decision is not here indispensable, hence assume constitutionality and consider the proper construction of the statute and the applicability of instruction No. 9 thereto.

4. It should be observed that the portion of the act stating those facts the proof of which shall constitute prima facie evidence of guilt, is divided from that portion which dispenses with proof of motive, intent or

purpose, merely by a comma. The conclusion therefore is irresistible that the evidence which will dispense with the latter is dependent for its effect upon the evidence which will constitute prima facie proof of guilt. Otherwise there is a violation of the fundamental rule, doubly applicable in criminal cases, that one presumption cannot be based upon another. Since instruction No. 9 ignored this construction and omitted entirely all reference to the first portion of the statute it was clearly erroneous. Our interpretation is that, the portion given in instruction No. 9 can only be valid when conditioned upon the establishment beyond a reasonable doubt of the butchering of an animal and a failure to produce the hide, or in lieu thereof give the explanation or the information required by the act. Moreover, it is reasonably clear from this record that defendant did give such information. Certain it is that the people had received this information from some source because the witness McFadden, a tanner of Denver, testified that he received the hide from Elliott, produced it in court, and it was introduced as an exhibit, and Elliott himself testified that he had delivered the hide to McFadden in Denver. If so, this prosecution was not maintainable under said section 39.

For the fatal error above pointed out the judgment is reversed and the cause remanded for further proceeding in harmony herewith.

MR. JUSTICE JACKSON and MR. JUSTICE STONE dissent.

MR. JUSTICE STONE dissenting.

The people introduced evidence that defendant was seen to drop in the river sacks which were later retrieved and found to contain the head, feet and pieces of hide of a yearling which fitted together to make a whole hide except for a small piece which had been cut out behind the right shoulder; that the right ear was cropped, but there was no brand on the hide; that de-

fendant used no ear crop on his cattle and branded them on the left side, and that a hind quarter of beef which was found butchered and hanging up at defendant's home fitted perfectly to the foot and hide found, but a front quarter of beef there found did not fit to the front foot and hide.

The evidence was ample to justify the conviction. Defendant's assignment most strenuously urged is that considered in the majority opinion concerning the trial court's instruction in the words of the latter clause of section 39, chapter 160, C.S.A. 1935. At the trial defendant objected to that instruction because "There is a caution in advocacy and it argues the question of the identity of meat with an animal that has been specially missed, lost or an indefinite animal, which question is not involved in this case in any particular; for the reason that it emphasizes the identity of meat with an animal stolen, which is involved in this case and is misleading and confusing for that reason." The objections considered in the majority opinion were not raised at the trial. This prosecution was patently instituted under section 33, ·chapter 160, C.S.A. 1935, rather than under section 39, as stated in the majority opinion. The condemned instruction, quoting the words of the statute, makes no mention of production or explanation of disposition of the hide, and in no way destroys the presumption of innocence or proper requirements of proof or is in conflict with other instructions. The majority opinion is predicated upon the conclusion that the clause of the statute quoted in the instruction is dependent upon the prior clause of the statute relative to production of the hide which was not included in the instruction. I believe this conclusion unfounded. The first clause of the statute says in substance that in prosecution for larceny of neat cattle, the owner being unknown, proof of failure to produce the hide or explain its disposition shall be prima facie evidence of guilt; the second clause of the statute (which was quoted in the

instruction here in question), states in substance that in prosecution for the larceny of neat cattle, the owner being unknown, it shall not be necessary for the prosecution to prove motive or intent, or to identify the meat with that of a stolen animal or to prove that any specific animal has been lost. These two provisions are connected by the conjunction "and," which is a coordinate conjunction uniting clauses or sentences of equal rank and requires the inference that the clause following is independent rather than dependent upon the prior clause. *Texas Co. v. Maloney,* 48 Wyo. 280, 44 P. (2d) 903. Moreover, there is nothing about the substance or purpose of the part of the statute included in the instruction which in any way would suggest its being dependent or predicated upon the prior clause of the statute. The provisions of each are made to apply in the case of prosecution for larceny of neat cattle of unknown ownership. The portion of the statute contained in the instruction provides that where the owner is unknown it shall not be necessary for a conviction for the people (1) to prove motive, intent or purpose; (2) to identify the meat with an animal alleged to be stolen, or (3) to prove that any specific animal has been lost. In our western country, where large herds of cattle are run on the public range and are identified only by brand, the easy destruction of the brand by mutilation or by cutting it out of the hide renders direct proof of intent and specific identification and establishment of ownership impossible, and thieves with modern, fast transportation are jeopardizing one of our most important industries.

Considering the provisions of this instruction and the statute on which it is based, first, as to motive: "It is not incumbent on the state to prove either the presence or the absence of motive." 22 C.J.S., p. 883, §568. The provision in the statute, that it is not necessary for the people to prove motive, was merely a declaration of existing law. "It is not an essential element of crime or

indispensable to a conviction." 14 Am. Jur., p. 786, §27. Second, as to intent: "In statutory crimes intent is not a necessary element." *Dill v. People,* 94 Colo. 230, 29 P. (2d) 1035. "By the express terms of a statute guilty knowledge is sometimes made an essential ingredient of the offense, as where it requires the act to be done 'knowingly,' etc. On the other hand, the legislature may forbid the doing of or the failure to do an act and make its commission or omission criminal without regard to the intent or knowledge of the doer, and if such legislative intention appears the courts must give it effect, * * *." 22 C.J.S., p. 85, §30. However, the statute and the instruction here involved do not compel us to go that far; they do not say that intent is immaterial; they merely declare that one committing the acts set out in the statute as constituting this statutory crime is thereby chargeable with criminal intent; that from those facts the law presumes intent. "If the statute has made it criminal to do any act under peculiar circumstances, the party voluntarily doing that act is chargeable with the criminal intent of doing it." *Commonwealth v. Mash,* 7 Metc. (Mass.) 472, quoted in *State v. Zichfeld,* 23 Nev. 304, 46 Pac. 802. "In some cases it is said that where a statute denounces the doing of an act as criminal, the law imputes criminal intent from the doing of the act." 14 Am. Jur., p. 785; *Hargrove v. United States* (C.C.A.), 67 F. (2d) 820. That is what our statute has here done. Thereunder, when any person shall steal, drive away and knowingly kill any neat cattle of unknown ownership, as here charged, the statute imputes a criminal intent, and further proof of intent by the people is not necessary for conviction. Upon such showing being made, the burden of coming forward with evidence as to intent then devolves upon the defendant. There is certainly "a rational connection between the facts proved and the facts presumed" to bring this statutory provision within the rule of *Tot v. United States,* 319 U.S. 463, 63 Sup. Ct. 1241, 78 L. Ed. 1519. In *Sweek v.*

*People,* 85 Colo. 479, 277 Pac. 1, on the question of consent, which would go to the issue of criminal intent, we said: "The circumstances in evidence indicate that the hides were taken without the consent of the owner, whoever he is. Would it not be demanding rather too much of the people to require the production of an unknown person and his testimony that he did not consent?"

Turning, now, to the other provisions of the statute and instruction, that it shall not be necessary, where the owner is unknown, for the people to identify the meat or prove loss of any specific animal. This is apparently a cautious declaration by the legislature of already existing law; it declares that when the evidence establishes beyond a reasonable doubt that the defendant has, as here charged, stolen and killed a heifer of unknown ownership, not his own, then it is not necessary for conviction that the people further prove that some specific animal has been stolen or identify the meat in defendant's possession with that of some specific stolen animal. The applicability of the rule is demonstrated by the instant case. The information contained a first count charging larceny of a yearling alleged to be the property of a particular individual, and a second count charging larceny of the same yearling alleged to be the property of an owner unknown. Upon being required to elect, the District Attorney evidently thought the proof of ownership by the person named in the first count was insufficient and therefore stood on the second count. This eliminated any evidence by direct proof or brand or otherwise that any owner had lost any specific cattle, and properly he resorted to the rule that where the owner is unknown it is not necessary to prove the loss of any specific animal or the identity of the meat of the animal which defendant had taken and killed with that of any specific stolen animal. That this rule existed prior to the statute does not make either the statute or the instruction erroneous, and I believe the rule did

so exist. In *Roberts v. People,* 11 Colo. 213, 17 Pac. 637, conviction of larceny of mineral ore was sustained over protest that there was no showing of corpus delicti, although there was no direct evidence of the larceny, and the ore, being small in bulk and easy of concealment, was not missed by the owner. *Sweek v. People, supra,* decided before the passage of the statute here in question, involved prosecution for stealing hides of unknown ownership and it was contended in behalf of defendant that there was no proof of ownership. We there said: "Where as here, the hide is removed from an animal and disposed of, it may be impossible to identify the carcass as that of an animal owned by a certain person, for the identifying brand is on the hide. Hence the practice of alleging ownership in an unknown person. The fact that the ownership was unknown at the time of filing the information need not be proven by direct evidence; circumstantial evidence is sufficient for that purpose as well as for other purposes." In *Kuykendall v. State,* 117 Tex. Cr. 571, 36 S.W. (2d) 726, where defendant was charged with theft of cattle of unknown ownership, the court (on rehearing) quoted with approval from *Clements v. State,* 43 Tex. Cr. 400, 66 S.W. 301: "Now, whether the animal was known in the community at the time as an estray or an animal belonging to some unknown owner, and this was the animal alleged to have been stolen, as was the condition in Melton's Case (Tex. Cr. App.) 56 S.W. 67, or whether the animal shown to have been stolen was not previously known in the community, or on some account the state was not able to identify the animal as the property of any person, would make no difference. In either event, the state not being able to identify the property as belonging to a known owner, it would be the property of an unknown owner, and would be covered by our statute authorizing the allegation that it was the property of an unknown owner." The instruction here involved had no essential connection with the question of production of the hide.

However, it may be noted that in the majority opinion, it is stated that the defendant here gave information as to the hide and that a tanner testified that he received the hide from defendant. The fact is that the defendant denied any knowledge of the hide, which it was testified he threw in the river and which was found to fit the hind quarter of beef he had admittedly butchered. The tanner testified to receiving one hide from defendant (that hide with most of the right side cut off and without brand), and evidently the jury believed the hide delivered to the tanner had been taken from another animal, the front quarter of which was found at defendant's home.

In conclusion, instruction No. 9, and the statute upon which it is based, so far as it pertains to proof that a specific animal has been lost and to proof of motive, are simply declaratory of the existing law, and the provision that it is not necessary for the people to prove intent is a constitutionally permissible declaration by the legislature that in the case of this statutory crime the establishment of the other necessary elements of the crime shall, in themselves, constitute presumptive evidence of intent.

I believe the judgment of the trial court should be affirmed.

I am authorized to state that Mr. Justice Jackson joins in this dissenting opinion.