**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Evaughn K. PRAZAK and John Edward Prazak, Jr., Defendants-Appellants.**

**Nos. 79–1330, 79–1331.**

United States Court of Appeals, Tenth Circuit.

Argued June 4, 1980.

Decided June 19, 1980.

---

Carole C. Dominguin, Asst. U. S. Atty., Denver, Colo. (Joseph Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

James R. Benson, Jr., Parker, Colo., for Evaughn K. Prazak, defendant-appellant.

Gordon W. Williams, Lakewood, Colo., for John Edward Prazak, Jr., defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

John Edward Prazak, Jr., and Evaughn K. Prazak, husband and wife, were jointly charged in a one count indictment with unlawfully transporting in interstate commerce a stolen motor vehicle, knowing at the time of the interstate transportation

that the vehicle was stolen, in violation of 18 U.S.C. §§ 2312 and 2. A motion for separate trial was confessed, and Evaughn Prazak was tried first, with John Prazak being tried later. Both defendants were convicted, and each appeals the two-year sentence imposed. We find no reversible error in either conviction, and therefore affirm each.

As indicated, the two defendants were separately tried. Two notices of appeal were filed. On appeal the cases were separately briefed, though they were companioned for oral argument. The two appeals will be considered separately, though in one opinion.

### No. 79–1330 (Evaughn Prazak)

Two grounds are urged for reversal: (1) failure to give any instruction on the defendant's theory of the case; and (2) arbitrarily imposing a two-year sentence in order to set an "example" for the trucking industry, even though the defendant had no prior criminal record.

■ It is agreed that a defendant in a criminal proceeding is entitled to an instruction on his theory of defense if such finds support in the evidence and the law. *United States v. Swallow*, 511 F.2d 514 (10th Cir.), *cert. denied*, 423 U.S. 845, 96 S.Ct. 82, 46 L.Ed.2d 66 (1975). Conversely, there need be no instruction on a defendant's theory of defense where there is no support therefor in the evidence or the law.

■ The jury was affirmatively instructed in several instructions that Evaughn Prazak could not be convicted unless the jury was convinced beyond a reasonable doubt that she knew the motor vehicle was stolen. Defense counsel tendered three instructions, which were refused. These instructions would have instructed the jury that if Evaughn Prazak had a "good faith" belief that she herself owned the vehicle in question, or if she had a "genuine belief" that the vehicle was not stolen, no matter how reckless or unobservant she may have been, the jury must acquit her. The district court rejected these instructions on the ground that the evidence did not support an instruction along the lines indicated. We agree.

Evaughn Prazak did not testify, although counsel did call one character witness. The testimony relied on by counsel as supportive of the tendered, and rejected, instructions came from an F.B.I. agent who questioned the defendant. Indeed, the testimony relied on in reality consisted of a single answer given by the defendant to a question put to her by the F.B.I. agent. At trial, the agent was asked, on direct examination, concerning a conversation he had with the defendant. The agent testified that he asked the defendant "how she came into possession of the truck." According to the agent, the answer was as follows: "She said in August, 1977, she purchased it from a man by the name of Bill, and she couldn't remember his name, for twelve hundred dollars at the Sip and Eat Bar." Does this statement made by the defendant to an F.B.I. agent during the course of his investigation require an instruction that if the defendant had a "good faith" or "genuine belief" that the vehicle was not stolen, and that she in fact owned it, she must be acquitted? We think not.

■ The vehicle in question which was later found in the possession of the Prazaks was admittedly stolen from a sales lot in Henderson, Colorado. A day or so before the truck here involved disappeared from the lot, the Prazaks had appeared at the lot as prospective purchasers, and were advised that the sale price was $17,200. Viewed in this setting, the statement attributed to Evaughn Prazak that she purchased the truck in a bar from someone whose name she couldn't remember for twelve hundred dollars does not support a theory that she in good faith believed that she owned the truck and had a genuine belief that it had not been stolen. In the statement attributed to Evaughn Prazak she did not say that she thought she owned the truck, nor that she had a genuine belief that it was not stolen. To the contrary, her statement was as consistent, if not more so, with guilty knowledge than it was with a lack of guilty knowledge. Acquisition of recently stolen property at a ridiculously low price from an unknown person is itself sufficient to support an inference that the one acquir-

ing the property knew the property was stolen. See *United States v. Meltzer*, 590 F.2d 607 (10th Cir. 1979). In sum, the statement relied on here did not require the trial court to give the tendered instructions.

■ Complaint is also made to the two-year sentence imposed on Mrs. Prazak. The statute provides for a fine of up to $5,000 or imprisonment up to five years, or both. The sentence being within the statutory limit, we as an appellate court are without power to modify the sentence here imposed. We note that under Fed.R.Crim.P. 35 a trial court may consider a reduction in sentence within 120 days after receipt of the mandate upon affirmance of the conviction on appeal, and, accordingly, any request for a reduction in sentence should be directed to the trial court. *United States v. Sierra*, 452 F.2d 291 (10th Cir. 1971).

### No. 79–1331 (John Prazak)

■ Like Evaughn Prazak, John Prazak also complains that the trial court did not give an instruction of his theory of defense. Unlike Evaughn, John Prazak testified at trial. He stated that he bought the truck in question from an individual whose name he could not recall for $1,200, and he specifically stated that he did not know that the vehicle thus sold him was stolen. On this state of the record defense counsel tendered an instruction to the effect that if John Prazak had a genuine belief that the subject truck was not stolen, even though he may have been reckless or unobservant in thus believing, the jury must acquit. The trial court gave this instruction. The trial court, however, refused to give another tendered instruction which bore on the same matter. Under the circumstances, we find no error in refusing to give a second instruction on defendant's theory of the case. Under the circumstances, one instruction on defendant's theory of the case was sufficient.

■ Contrary to the suggestion of counsel, our study of the record leads us to conclude that there is sufficient evidence to show that the truck in question was involved in interstate commerce. The Prazaks, using the stolen truck, were employed by several different trucking companies which engaged only in interstate transportation. Such interstate trips were established, in the main, by log books, and by trip tickets, some of which were signed by John Prazak. Such documentary evidence was properly identified.

The other grounds for reversal have been considered and found wanting in substance. There was no prosecutorial misconduct requiring a mistrial. Objection to the particular question was sustained before any answer was made. The jury was instructed to disregard the question, which was simply whether an F.B.I. agent had spoken to the defendant. A mistrial was not required. Similarly, the instruction of unexplained possession of recently stolen goods did not constitute a shifting of the burden of proof to the defendant. The instruction given has been affirmed by us on numerous occasions. *United States v. Brown*, 541 F.2d 858, 861 (10th Cir.), *cert. denied*, 429 U.S. 1026, 97 S.Ct. 650, 50 L.Ed.2d 630 (1976); *Rogers v. United States*, 416 F.2d 926, 927 (10th Cir. 1969), *cert. denied*, 397 U.S. 952, 90 S.Ct. 977, 25 L.Ed.2d 134 (1970).

Judgments affirmed.