The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Walter Lee WILLIAMS, Defendant-Appellee.

The PEOPLE of the State of Colorado, Petitioner,

v.

The DISTRICT COURT In and For the SECOND JUDICIAL DISTRICT of the State of Colorado, and the Honorable Karen S. Metzger, One of the Judges thereof, Respondents.

Nos. 80SA533, 81SA38.

Supreme Court of Colorado, En Banc.

June 1, 1981.

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

Epstein, Lozow and Preblud, P. C., Donald L. Lozow, Peter L. Franklin, Denver, for defendant-appellee.

HODGES, Chief Justice.

In No. 80SA533, the People appealed the trial court's dismissal after preliminary hearing of a felony murder charge against the defendant, Walter Lee Williams.

In No. 81SA38, we issued a rule to the trial court to show cause in an original proceeding initiated by the People. Since both cases involve the same issues, we have consolidated them. On the appeal, we reverse the trial court's dismissal. This moots the issues in the original proceeding and therefore we discharge the rule in Supreme Court No. 81SA38.

The defendant was charged by information on July 8, 1980 with two counts of first-degree murder. Count one charged murder after deliberation, section 18–3–102(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8), and count two charged murder under the felony murder rule, *viz.*, causing death in the course of committing and attempting to commit "sexual assault." Section 18–3–102(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8). A preliminary hearing was held in the county court which found probable cause to bind the defendant over for trial in the district court on both counts.

In the district court, the district attorney was permitted to amend count two to allege that the defendant had caused death in the course of committing or attempting to commit "first-degree sexual assault." Section 18–3–402, C.R.S. 1973 (1978 Repl. Vol. 8). The district court then granted the defendant's request for a preliminary hearing on the amended count two. After receiving evidence at the preliminary hearing and considering the transcript of the preliminary hearing held in the county court, the district court dismissed amended count two for want of probable cause that the defendant had caused the victim's death in the course of committing or attempting to commit first-degree sexual assault.

Claiming the district court erred in its judgment of dismissal of amended count two, the People brought this appeal on December 4, 1980. The defendant had waived his right to speedy trial to and including April 4, 1981. *See generally* section 18–1–405, C.R.S. 1973 (1978 Repl. Vol. 8). Trial on the remaining count one was set for February 23, 1981. Because briefing on the appeal was not completed and an opinion could not be issued before the People would be required to proceed to trial on count one,

in which case count two would be permanently barred pursuant to double jeopardy restrictions, the People sought to invoke this court's original jurisdiction on January 28, 1981. On January 29, 1981, we issued a rule to show cause why count two should not be reinstated immediately. This original proceeding, Supreme Court No. 81SA38, was at issue in February 1981. Decision thereon was delayed for consolidation with the appeal because the trial on count one was set over when the defendant waived his speedy trial rights up to and including April 4, 1981, the previous termination date of the speedy trial period. Our disposition of the People's appeal, Supreme Court No. 80SA533, is now determinative of the common issue in both actions.

The defendant was charged in count two with first-degree murder under the felony murder rule, section 18–3–102(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8) which provides in pertinent part:

> "A person commits the crime of murder in the first degree if: (b) [a]cting alone or with one or more persons he commits or attempts to commit . . . sexual assault in the first degree . . . and, in the course of or in the furtherance of the crime that he is committing or attempting to commit, or of immediate flight therefrom, the death of a person, other than one of the participants, is caused by anyone . . . ."

Section 18–3–402(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8) provides that first-degree sexual assault is committed when:

> "Any actor . . . knowingly inflicts sexual penetration on a victim . . . if: (a) [t]he actor causes submission of the victim through the actual application of force of physical violence; * * *

The pivotal issue presented is whether sufficient evidence had been presented at the preliminary hearing, when viewed in a light most favorable to the prosecution, was such that a person of ordinary prudence and caution would reasonably believe that the defendant forcefully raped the victim and in the course of or in the furtherance of the rape, the victim's death resulted.

Evidence was presented at the preliminary hearing and, in addition, the transcript of the preliminary hearing before the county court was admitted and reviewed by the district court.

The record reveals the following evidence:

The homicide victim in this case was a twelve-year-old girl, whose nude body was found on a couch in her family's home. A pathologist testified that her body contained seventeen stab wounds, and that four were deeply incised chest wounds, any one of which could have been the cause of death. The victim also had scuff marks on her face and knee, a small hemorrhage on the top of her head, a bruise on her neck, and hemorrhages into her eyeballs. The pathologist testified that although he found no indication of trauma to the vaginal area, he did discover spermatozoa which, in his opinion, could have been there for up to twenty-four hours. The victim was found with her legs spread apart, and as to this, the pathologist testified that this is not a normal accompaniment of the death process.

The victim's eighteen-year-old sister testified that she and the victim had talked about sex many times, and that the victim had stated about one month before her death that she had never engaged in sexual intercourse. The sister also testified that the victim did not commonly sleep nude or with her legs spread apart. The victim's sister also stated that her brother told her he had seen the defendant pulling at the victim's blouse on the afternoon prior to the murder.

A detective testified that an acquaintance of the defendant told him that she saw the defendant at about 3:00 p. m. on the day of the murder. She noticed a fresh scratch below his right eye, similar to a fingernail scratch, a fresh scratch on the backside of one of his hands, and a fresh cut on his leg.

A signed statement of another witness was admitted as an exhibit. This witness stated that the defendant told her on the day before the homicide that he had been

"messing with a little girl in the Curtis Park Projects." The victim and her family lived in this area. This witness recounted the defendant saying in substance that he preferred little girls for his sexual episodes, and that he "used to mess with the girl's mother." The victim's mother testified that she used to date the defendant.

 *People v. Johnson*, Colo., 618 P.2d 262 (1980), sets forth the well-established standards for determining probable cause at a preliminary hearing, as follows: (1) Probable cause is established when the evidence is sufficient to induce a person of ordinary prudence and caution to a reasonable belief that the defendant committed the crimes charged; (2) The evidence presented must be viewed in the light most favorable to the prosecution; (3) If testimony conflicts, the trial court must draw an inference for the prosecution; and (4) The preliminary hearing is a screening device and not a trial. Therefore, evidence sufficient to support a conviction is not required. *See, e. g., People v. Armijo*, 197 Colo. 91, 589 P.2d 935 (1979); *Johns v. District Court*, 192 Colo. 462, 561 P.2d 1 (1977).

[2, 3] At a preliminary hearing, evidence may be presented which would be inadmissible at the trial. Hearsay evidence, which would otherwise be inadmissible at the trial, may be considered for purposes of establishing probable cause. *People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973).

 It appears from the district court's statement in explanation of its dismissal of count two charging felony murder in connection with first-degree sexual assault that all inferences were resolved in favor of the defendant, and not the prosecution as required. The district court indicated a concern that the autopsy report and testimony appeared to show that there was no trauma in the vaginal area of the victim. Conceding that the victim's body revealed multiple stab wounds and that death was caused by stabbing, the district court concluded that from all the evidence it could not find a "nexus—between someone who was stabbed—and someone who has the

presence of sperm in her vagina, and call that a forcible rape."

The district court misconceived and misapplied the standards which govern the consideration of evidence presented at a preliminary hearing. Our review of this record clearly demonstrates that the district court erred in dismissing count two.

On the appeal, Supreme Court No. 80SA533, the judgment of the district court is reversed and this cause is remanded for reinstatement of count two. As to the original proceeding, Supreme Court No. 81SA38, the rule is discharged.