The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Robert J. **RAFFAELLI**, Defendant-Appellant.

No. 83CA0496.

Colorado Court of Appeals, Div. I.

April 25, 1985.

Rehearing Denied May 16, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Robert J. Raffaelli, appeals from a conviction of child abuse, challenging the admissibility of several out-of-court statements made by his wife. We reverse.

Defendant's two-month-old daughter was admitted to a hospital after she suddenly stopped breathing and lapsed into a coma. She died several days later without regaining consciousness. An autopsy established the cause of death to be a significant subdural hematoma. There were no apparent external injuries.

At trial, defendant's wife asserted her Fifth Amendment right to remain silent. The prosecution presented a police detective and a caseworker who recited statements made to them at an interview with defendant's wife, after she had been given her *Miranda* rights. The caseworker also testified to statements made to her by defendant's wife at another interview. Over defendant's objection that this testimony was inadmissible as hearsay, the trial court admitted the statements. We disagree as to the admissibility of certain of the statements and therefore reverse.

I. Applicable Rules of Evidence

Because defendant's wife refused to testify on Fifth Amendment grounds, she was unavailable as a witness under CRE 804(a). *See People v. Harding*, 671 P.2d 975 (Colo.App.1983). Inasmuch as the statements were offered to prove the truth of the matter asserted, the statements were hearsay. CRE 801. Hence, admission of her statements to the detective and the caseworker is therefore governed by the hearsay exceptions listed under CRE 804(b). The trial court ruled that these declarations were admissible under CRE 801(d)(2)(E), 804(b)(3), 804(b)(4)(B), and 404(b).

II. Statements Pertaining to Declarant

Among the statements of defendant's wife that were reported by the detective and the caseworker were statements with respect to the following: (1) that she had shaken the baby on about four occasions over the two months of the child's life, including one incident approximately a week and a half prior to the baby's death; (2) that on one occasion, at the age of approximately two weeks, the baby rolled off a kitchen table and landed on a chair while under her care; and (3) that she sometimes spanked the baby.

A statement against interest is a:

"Statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject [declarant] to civil or criminal liability ... that a reasonable man in [declarant's] position would not have made the statement unless he believed it to be true...." CRE 804(b)(3).

We agree with the trial court that the above three statements by defendant's

884 ■ 

wife qualify as statements against interest and so are admissible under this exception. These statements tended to subject defendant's wife to possible criminal liability because the statements "tended" to show that she may have "knowingly, recklessly, or through criminal negligence ... cruelly punished" the child such that she could at least be charged with a crime under § 18–6–401(1)(d), C.R.S. (1980 Cum.Supp.).

Because these three statements are inculpatory only to the declarant they are admissible under CRE 804(b)(3), if otherwise relevant under CRE 401 and CRE 403.

The caseworker and the detective also testified that from talking to other people and from reading a doctor's report, they had found that defendant's wife had told one of the doctors that she had shaken the baby several times in the past. The detective further opined (apparently from these same vague sources) that a subdural hematoma could result from such a shaking.

 That part of the detective's statement attributable to the wife, if it had been made directly to the witnesses, would have been admissible because it tends to show criminal liability under § 18–6–401(1)(d), C.R.S. (1980 Cum.Supp.). However, the doctor's report, being expressed only through the detective's or caseworker's testimony, was not shown to be admissible at trial under the hearsay rules, thereby rendering the entire statement inadmissible. CRE 805; CRE 802. The remainder of this testimony, with respect to shaking being the possible cause of the subdural hematoma, was also not shown to be admissible under the hearsay rules.

### III. Statements Pertinent to Defendant

 Among the other statements of defendant's wife reported by the detective and the caseworker were statements that: (1) earlier in the day that the child was taken to the hospital, defendant, while driving the family car, swerved to miss a rock in the road, and as a result the baby car seat struck the baby in the head, while it was being fed in its mother's arms; (2) defendant had occasionally spanked the

baby and that he would at times lose his temper; and (3) among the events and circumstances leading up to the death of the baby, was the fact that defendant was holding the baby on his lap when she "went pale and limp" and stopped breathing.

None of these statements "tend" to show any offense on the wife's part, and therefore are not statements against the declarant's interest. Rather, they all pertain to possible culpability of the defendant. We conclude that these statements concerning defendant are not admissible under CRE 804(b)(3). Nor do we find any other hearsay exception applicable to these statements.

Accordingly, the trial court erred in permitting the testimony of the detective and the caseworker pertaining to these three hearsay statements to be admitted, and inasmuch as they were highly prejudicial to defendant, the judgment of conviction must be reversed. *See People v. Rosenthal,* 670 P.2d 1254 (Colo.App.1983).

### IV. Other Statements of Defendant's Wife

Other statements by defendant's wife reported by the detective and the caseworker included the apparent reasons for her marriage to defendant, and her feelings about her marriage as well as about her pregnancy and the birth of the child, plus her physical health and resulting medical treatment at the time of her pregnancy and the birth of the baby.

 CRE 804(b)(4) excepts from the hearsay rule statements concerning matters of personal or family history, including the death and birth of another person. However, the statements encompassed by this rule relate only to matters of pedigree such as date of birth, marriage, death, and the fact and degree of family relationships. *See* 5 J. Wigmore, *Evidence* 1500 (Chadbourn Rev.1974). Thus, the fact that the baby died, the dates of her death and birth, and parentage are admissible under this hearsay exception. The statements relating to the condition of the baby, or the events and circumstances leading up to the death (*see* Part III, *supra*) or the circumstances surrounding the birth, were not

admissible under CRE 804(b)(4)(B). *See also* *McCormick on Evidence* 322 (E. Cleary, 2d ed. 1972); 5 J. Wigmore, *Evidence* 1480 (Chadbourn Rev.1974).

### V. Other Hearsay Exceptions

In order to admit hearsay statements under CRE 801(d)(2)(E), the prosecution must first establish by independent evidence that a conspiracy exists and that defendant is a participant. *People v. Gable*, 647 P.2d 246 (Colo.App.1982). Here, there was no *prima facie* showing of a conspiracy. Thus, admissibility of any of the out-of-court statements cannot be justified by CRE 801(d)(2)(E).

Finally, inasmuch as the hearsay rules render the statements inadmissible, reliance on CRE 404(b) for independent admissibility of the statements is misplaced and inapplicable.

The judgment is reversed, and the cause is remanded for a new trial consistent with the views expressed in this opinion.

SMITH and BABCOCK, JJ., concur.