**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

**v.**

**Everett BUHRLE and Kathleen Ann Buhrle, Defendants–Appellees.**

**No. 86SA113.**

Supreme Court of Colorado, En Banc.

Nov. 2, 1987.

Roger B. Larsen, Dist. Atty., Jeffrey A. Manning, Asst. Dist. Atty., Canon City, Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

David F. Vela, Colo. State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellee Everett Buhrle.

Marshall & Marshall, Julie G. Marshall, Canon City, for defendant-appellee Kathleen Ann Buhrle.

ERICKSON, Justice.

The defendants, Everett and Kathleen Ann Buhrle, were charged in an information with sexual assault on a child in violation of section 18–3–405, 8 C.R.S. (1978 and 1985 Supp.). At the preliminary hearing, the district court dismissed the charge against both defendants on the ground that the prosecution failed to establish the age differential between the victim and the principal, Kathleen Ann Buhrle, under section 18–3–405, which requires the actor to be at least four years older than the victim. On appeal, the prosecution relies on *People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973), and claims that the trial court erred in not admitting hearsay testimony as to the age of Kathleen Ann Buhrle and incorrectly dismissed the charge against the defendants. We agree and reverse and remand with directions to reinstate the charge and hold a new preliminary hearing.

I.

On February 24, 1986, a preliminary hearing was held to determine if there was probable cause that Everett Buhrle and his wife, Kathleen Ann Buhrle, committed sex-

ual assault on a child.[1] At the preliminary hearing, the prosecution presented two witnesses to establish the elements of the charge against the defendants. J.H., the victim, testified that when he was fourteen-years old, he and Everett Buhrle, a twenty-one-year-old male, both had sexual intercourse with Kathleen Ann Buhrle at Everett's suggestion.

The court excluded testimony that Everett Buhrle had told a police officer Kathleen Ann Buhrle's date of birth. The trial court refused to admit the testimony because the prosecution provided no foundation as to how Everett Buhrle knew his wife's age. The court stated that the officer's hearsay testimony was unreliable because a husband cannot be presumed to know his wife's date of birth.

The trial court concluded that the prosecution had failed to establish that the principal, Kathleen Ann Buhrle, was at least four years older than J.H., as required by section 18–3–405(1), and dismissed the charges against both defendants.

## II.

A preliminary hearing is a screening device to determine whether there is probable cause to believe that the defendant committed the crime charged. *Quinn,* 183 Colo. 245, 516 P.2d 420. The preliminary hearing is not a mini-trial and greater evidentiary and procedural latitude is granted to the prosecution to establish probable cause than would be permitted at trial to prove the commission of the crime by the defendant. *Hunter v. District Court,* 190 Colo. 48, 51, 543 P.2d 1265, 1267 (1975); *Maestas v. District Court,* 189 Colo. 443, 446, 541 P.2d 889, 891 (1975); *see* CRE 1101(d)(3) (rules of evidence do not apply in preliminary examinations); Crim.P. 7(h)(3) (trial judge may "temper the

rules of evidence" in a preliminary hearing). Hearsay evidence, which would be inadmissible at trial, may form the bulk of the evidence in the preliminary hearing. *People in the Interest of M.V.,* 742 P.2d 326, 329 (Colo.1987); *Quinn,* 183 Colo. at 250, 516 P.2d at 422. Although the trial judge may curtail the right to cross-examine and to introduce evidence, he may neither completely prevent inquiry into matters relevant to the determination of probable cause, *Rex v. Sullivan,* 194 Colo. 568, 571, 575 P.2d 408, 410–11 (1978), nor disregard the testimony of a witness favorable to the prosecution unless the testimony is implausible or incredible as a matter of law, *People in the Interest of M.V.,* at 329; *People v. Nygren,* 696 P.2d 270, 272 (Colo.1985).

In this case, the trial court erred in excluding the police officer's testimony relating to the age of Kathleen Ann Buhrle. A husband's statement about the age or birth date of his wife is not so unreliable that it is implausible or incredible as a matter of law. *See People v. Raffaelli,* 701 P.2d 881, 884 (Colo.App.1985) (CRE 804(b)(4) excepts statements concerning "matters of pedigree such as date of birth" from the hearsay rule); CRE 804(b)(4) (hearsay statement concerning another's birth date is admissible if he or she is related to the declarant by marriage); CRE 803(19) (reputation among family members concerning a person's birth date is admissible hearsay); *see also Rassano v. Immigration & Naturalization Serv.,* 377 F.2d 971, 973 (7th Cir.1966) ("[t]he family history exception is based in part upon the inherent trustworthiness of declarations by a family member regarding matters of family history").

Kathleen Ann Buhrle, however, contends that the marital privilege under section 13–90–107, 6 C.R.S. (1986 Supp.), excludes the hearsay statement by Everett

---

1. Section 18–3–405 provides:

　(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and · *the actor is at least four years older than the victim.*

　(2) Sexual assault on a child is a class 4 felony, but it is a class 3 felony if:

　(a) The actor commits the offense on a victim by use of such force, intimidation, or threat as specified in section 18–3–402(1)(a), (1)(b), or (1)(c); or

　(b) The actor who commits the offense on a victim is one in a position of trust with respect to the victim.

(Emphasis added.)

Buhrle concerning her date of birth.[2] Section 13–90–107 applies to communications made between spouses during their marriage. Nothing in the record reflects that Everett learned of his wife's age through a spousal communication, and the trial court was correct in concluding that the communication was not privileged under section 13–90–107.[3] *See People v. Marquez,* 692 P.2d 1089, 1095 (Colo.1984) ("the burden of establishing the applicability of the privilege rests upon the claimant of that privilege"); *Clark v. District Court,* 668 P.2d 3, 8 (Colo.1983) (same).

Accordingly, we reverse and remand the case to the district court for reinstatement of the charges and for a new preliminary hearing.

**2.** Section 13–90–107(1)(a) provides:
A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor during the marriage or afterward shall either be examined without the consent of the other as to any communications made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, a criminal action or proceeding for a crime committed by one against the other, or a criminal action or proceeding against one or both spouses when the alleged offense occurred prior to the date of the parties' marriage. However, this exception shall not attach if the otherwise privileged information is communicated after the marriage.

**3.** The defendant also asserts that the prosecution did not raise its arguments at the preliminary hearing and therefore waived them for purposes of appeal. Because the prosecution notified the trial court of the nature of the proposed testimony, this argument is without merit. CRE 103(a)(2).