The **PEOPLE** of the State of Colorado,
Plaintiff–Appellant,

v.

Anselmo Hijinio **AYALA**,
Defendant–Appellee.

No. 87SA187.

Supreme Court of Colorado,
En Banc.

March 20, 1989.

Barney Iuppa, Dist. Atty., Daniel E. May, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Paul R. Bratfisch, Deputy State Public Defender, Colorado Springs, for defendant-appellee.

ERICKSON, Justice,

The prosecution appeals the dismissal of an information charging defendant Anselmo Hijinio Ayala with theft by receiving, section 18–4–410, 8B C.R.S. (1986). At the conclusion of the preliminary hearing, the information was dismissed by the trial judge because of the failure of the prosecution to establish probable cause that Ayala committed the crime charged. We affirm.

### I.

■ Were it not for the fact that some members of the court believe that the trial court abused its discretion in dismissing the receiving charge, the appeal to this court should be dismissed. In *People v. Waggoner*, 199 Colo. 450, 610 P.2d 106 (1980), a unanimous opinion, we stated:

At a preliminary hearing, the trial court ruled that the evidence presented by the prosecution did not establish probable cause and thereupon dismissed an assault charge. This appeal by the prosecution is no more than an advocate's dispute with a trial court's determination of the sufficiency of the evidence. Such appeals have been strongly discouraged. *See People v. Martinez*, 198 Colo. 577, 603 P.2d 944 (1979); *People v. Berry*, 198 Colo. 258, 598 P.2d 1044 (1979); *People v. Chmielewski*, 187 Colo. 268, 529 P.2d 1337 (1975); *People v. Kirkland*, 174 Colo. 362, 483 P.2d 1349 (1971).

The basis for an appeal by the prosecution in a criminal case is to raise a question of law which arises from a ruling by a trial court. Section 16–12–102, C.R.S. 1973 (now in 1978 Rep. Vol. 8). There is no question of law raised here. We are merely asked to determine whether the trial court abused its discretion. It is not the function of this court to sit as a

second preliminary hearing court to review the evidence of probable cause.

When this court is asked to make a case-by-case review of the trial court's determination of the sufficiency of the evidence, the time expended by the court "serves little purpose and is rarely productive of any precedential value." *People v. Berry, supra.*

Appeal dismissed.

*Id.* at 450–51, 610 P.2d at 106–07 (footnote omitted).

### II.

Since this is an appeal pursuant to section 16–12–102, 8A C.R.S. (1986), addressing only the sufficiency of the evidence at a preliminary hearing, the appeal should be dismissed under *Waggoner*. Because there is a difference of opinion on the court as to whether the prosecution established probable cause to bind the defendant over for trial, it is necessary to review the evidence before the trial court in some detail.

Ayala and Anthony Wayne Johnson saw a 1983 Chevrolet Camaro in a field near the house where Ayala and Johnson were living. A man who was removing the parts from the Camaro identified himself as "Mike Klark." The affidavit of Officer Zabukovic, the investigating officer, states that Ayala told him that "Klark" informed him and codefendant, Anthony Johnson, that the Camaro belonged to "Klark's" brother, and that his brother had had problems with the automobile and that they were "stripping the vehicle out." Officer Zabukovic testified at the preliminary hearing that Ayala and Johnson told him that the Camaro was partially dismantled when they arrived at the lot and the dashboard and other items had been removed. "Klark" told Ayala and Johnson that they could purchase the automobile for $800. Ayala and Johnson returned to their home and obtained money to purchase the car, and both defendants contributed $400 to make up the $800 purchase price. They did not receive a title to the vehicle at that time. Both defendants told the police that at the time of the purchase, "Klark" gave them a phone number and said to call him

to obtain the title to the Camaro. Nothing in the record establishes the precise extent of the disassembly or the condition of the Camaro when Ayala and Johnson first saw it.

Shortly thereafter, Ayala and Johnson were using a cutting torch to take the Camaro apart when a fuel line was cut causing the Camaro to go up in flames. The defendant called the fire department and cooperated in the subsequent police investigation. The police investigation disclosed that the automobile was stolen. After the police concluded that the identity and telephone number provided to Ayala and Johnson by "Mike Klark" were fictitious, a theft by receiving charge was filed.

### III.

■ A preliminary hearing is a screening device to determine whether there is probable cause to believe that the defendant committed the crime charged. *People v. Buhrle*, 744 P.2d 747 (Colo.1987); *People v. Pedrie*, 727 P.2d 859 (Colo.1986); *People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973). *See also* Crim.P. 7(h). Greater evidentiary and procedural latitudes are permitted at a preliminary hearing because it is not a mini-trial. *See Buhrle*, 744 P.2d at 749; *Maestas v. District Court*, 189 Colo. 443, 446, 541 P.2d 889, 891 (1975). The sole issue at a preliminary hearing is whether probable cause exists to bind the accused over for trial. *Hunter v. District Court*, 190 Colo. 48, 51, 543 P.2d 1265, 1267 (1975).

■ To meet the standard of probable cause, there must be evidence sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant committed the crime charged. *Pedrie*, 727 P.2d 859, 862; *People v. Nygren*, 696 P.2d 270, 272 (Colo.1985); *Miller v. District Court*, 641 P.2d 966, 968 (Colo.1982); *People v. Treat*, 193 Colo. 570, 574, 568 P.2d 473, 474–75 (1977). The evidence must be viewed in the light most favorable to the prosecution, and all inferences must be resolved in favor of the prosecution. *Nygren*, 696 P.2d at 272; *People v. Holder*,

658 P.2d 870, 871–72 (Colo.1983); *Treat*, 193 Colo. at 573, 568 P.2d at 474.

The testimony of the investigating officer and the owner of the used car lot established the time of the theft and that the price set for the sale of the Camaro was $7,995. After hearing the testimony and the arguments of counsel, the trial court found that probable cause was not established and said:

[THE COURT]: I appreciate what the standards are for the People to have this case bound over for trial at this stage of the proceedings. But even taking the evidence in the light most favorable to the People, under these circumstances, the examples cited by [the district attorney], which I agree are the classic examples of theft receiving, are really not applicable here. The only evidence I have before me is that the vehicle was stolen. There's no indication that either Mr. Johnson or Mr. Ayala had anything to do with that consistent with that time period. Again, the only evidence is as to how the parties came to have this car was that they contacted a person who was in a field parting the vehicle out and that the vehicle was partly dismantled at that time. And while I'm not saying that that is a perfectly plausible explanation as to what happened, that's what I have before me. It isn't a situation in which somebody came up to them and said, "Do you want to buy this car," came by peddling the car or that the car was in good driving condition or fairly good driving condition or the same kind of condition or the same kind of condition as it came off the lot. The only evidence is that the car was being parted out and I don't know to what extent that was. The offense here requires not only a knowing act but also a specific intent. And I simply don't think that there's enough evidence, regardless of what reasonable suspicions there might be, I don't believe that there's enough evidence to bind the case over.

Based upon the evidence and the testimony I've heard, the case is dismissed for lack of probable cause. Mr. Ayala is

discharged from his bond and the case is dismissed.

Section 18–4–410(1), 8B C.R.S. (1986), states, in part:

[A] person commits theft by receiving when he receives, retains, loans money by pawn or pledge on, or disposes of anything of value of another, *knowing or believing* that said thing of value has been stolen, and when he *intends* to deprive the lawful owner permanently of the use or benefit of the thing of value.

(Emphasis added.)

■ It was incumbent of the prosecution to establish that Ayala, knowing and believing that the Camaro was stolen, intended to deprive the lawful owner of the Camaro. Section 18–4–410(1). The record contains only the testimony of the owner of the used car lot and the investigating officer. The testimony establishes that the Camaro was priced at $7,995 on the used car lot at the time it was stolen. The remaining testimony describes the condition and the circumstances which led to the acquisition of the Camaro by Ayala and Johnson. The Camaro was inoperable and partially dismantled when it was purchased by Ayala and Johnson. Nothing in the record establishes whether $800 was an unreasonable price to pay for the partially dismantled and inoperable Camaro. Nothing appears in the record to show that Ayala and Johnson stole the vehicle. Therefore, as a basis for reversal we are asked to infer that a Camaro that had a price tag of $7,995 when stolen was worth more than $800 when acquired by the defendants. We must then infer that the purchase price caused Ayala to know or believe that the automobile was stolen. In *Tate v. People,* 125 Colo. 527, 247 P.2d 665 (1952), we said:

Presumption and inferences may be drawn *only from facts established,* and presumption may not rest on presumption or inference on inference. *Dodo v. Stocker,* 74 Colo. 95, 219 Pac. 222 [1923]; *Mountain Motor Fuel Co. v. Rivers,* 65 Colo. 561, 170 Pac. 1164 [1918]; *Elliott v. People,* 115 Colo. 382, 174 P. (2d) 500

[1946]; and this rule is doubly applicable in criminal cases.

*Id.* at 541, 247 P.2d at 672. *See also* IA Wigmore, Evidence § 41 (1983).

■ In *People v. Tumbarello,* 623 P.2d 46 (Colo.1981), a theft by receiving case, we held that a "defendant's state of mind may be inferred from his conduct or from the circumstances of the case." *Id.* at 49 (citing *Garcia v. People,* 172 Colo. 329, 473 P.2d 169 (1970)). *See also Whaley v. People,* 171 Colo. 287, 466 P.2d 927 (1970). *Tumbarello* is factually distinguishable from this case. In *Tumbarello,* the prosecution presented evidence that an undercover officer sold defendant goods which the officer represented as "hot" and "ripped off." *Tumbarello,* 623 P.2d at 49. From that evidence it could be reasonably inferred that defendant knew the goods were stolen. Here, by contrast, any effort to infer that Ayala knew the Camaro was stolen would necessitate drawing an inference upon an inference.

As evidenced by the investigating officer's affidavit, both Ayala and Johnson gave independent and virtually identical accounts of the automobile purchase. There was no competent evidence presented at the hearing that Ayala knew or believed that the Camaro was stolen or that he intended to permanently deprive the lawful owner of the use of the automobile. *People v. Quezada,* 731 P.2d 730 (Colo.1987); *People v. Corley,* 698 P.2d 1336 (Colo. 1985). The Camaro had been partially dismantled and was not operational at the time of the sale and had to be towed to a garage next to the Ayala and Johnson residence. Accordingly, the prosecution failed to establish that Ayala or Johnson knew the Camaro was stolen and had the requisite *mens rea* to commit theft by receiving when they took possession of the Camaro. *Pedrie,* 727 P.2d at 862; *Nygren,* 696 P.2d at 272; *Miller,* 641 P.2d at 968; *Treat,* 193 Colo. at 575, 568 P.2d at 474–75.

IV.

■ The prosecution claims that because the ownership of the automobile was transferred without title, it may be inferred

that Ayala must have known the vehicle was stolen. Although Colorado requires the seller of a motor vehicle to transfer title to the vehicle at the time of sale, section 42–6–108, 17 C.R.S. (1984), failure to deliver a certificate of title does not prevent the acquisition of ownership rights by the parties to the transaction. *Colorado Auto & Truck Wreckers Ass'n v. Department of Revenue*, 618 P.2d 646 (Colo. 1980); *United Fire & Casualty Co. v. Perez*, 161 Colo. 31, 419 P.2d 663 (1966). The mere fact that Ayala did not receive a certificate of title when he purchased the automobile does not establish probable cause that Ayala knew the vehicle was stolen.

Nothing in the record reflects an abuse of discretion by the trial court and the judgment of dismissal is accordingly affirmed.

VOLLACK, J., dissents, and LOHR and MULLARKEY, JJ., join in the dissent.

VOLLACK, Justice, dissenting:

I respectfully dissent from the majority's affirmance of the trial court's dismissal of the information filed against the defendant.

The probable cause determination which must be met at a preliminary hearing requires sufficient evidence to induce a person of ordinary prudence and caution to a reasonable belief that the accused committed the crime charged. *People v. Jensen*, 765 P.2d 1028, 1030 (Colo.1988). "The prosecution is not required to present evidence 'sufficient to support a conviction.'" *People v. Fisher*, 759 P.2d 33, 36 (Colo. 1988) (quoting *People ·v. Williams*, 628 P.2d 1011, 1014 (Colo.1981)). "[I]t is not for the trial judge at a preliminary hearing to accept the defendant's version of the facts over the legitimate inferences which can be drawn from the People's evidence," and a defendant's state of mind can be inferred from his conduct, or from the circumstances of the case. *Fisher*, 759 P.2d at 36 (quoting *People v. Holder*, 658 P.2d 870, 872 (Colo.1983)); *People v. Tumbarello*, 623 P.2d 46, 49 (Colo.1981).

The evidence presented at a preliminary hearing must be viewed in the light most favorable to the prosecution. The issue is not the defendant's innocence or guilt; the issue at a preliminary hearing is whether "the evidence is sufficient to induce a person of ordinary prudence and caution to a reasonable belief that the defendant committed the crimes charged." *Fisher*, 759 P.2d at 36–37 (quoting *People v. Williams*, 628 P.2d 1011, 1014 (Colo.1981)).

Applying these principles, I do not agree with the majority's conclusion that "the prosecution failed to establish that Ayala had the *mens rea* required to commit theft by receiving." At 1268. The owner of the used car dealership testified at the preliminary hearing that the sale price of the 1983 Camaro at his lot was $7995. Even though the vehicle was only three years old when stolen, the defendant was given the opportunity to purchase it from a stranger, with no supporting paperwork, for $800. "Acquisition of recently stolen property at a ridiculously low price from an unknown person is itself sufficient to support an inference that the one acquiring the property knew the property was stolen." *United States v. Prazak*, 623 F.2d 152, 154–55 (10th Cir.), *cert. denied*, 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980). Reviewing the testimony in the light most favorable to the prosecution, I would conclude that the prosecution met its burden of establishing probable cause. Based on the testimony at the preliminary hearing, I would let the jury assess the witnesses' credibility and decide whether the requisite *mens rea* has been established beyond a reasonable doubt. For this reason, I dissent.

I am authorized to state that Justice LOHR and Justice MULLARKEY join in this dissent.