WALL ET AL. V. LIVEZAY.[1]

*Petition for rehearing.*

*Per Curiam:* The jury, after deliberating some time, returned and propounded to the court certain questions; the record does not contain the interrogatories, and we are not advised as to what they were. The court answered them in writing, and the principal objection urged upon this petition questions the correctness of the instruction thus given.

We may infer from the language of the instruction that the jury asked whether certain acts and omissions to act on the part of plaintiff constituted contributory negligence; for they are informed therein, that whether acts or omissions to act constitute contributory negligence is a question of fact which they alone must determine. The court further says: " I may with propriety suggest to you that such acts or omissions should be viewed in connection with and in the sight of all the other facts and circumstances attending the accident; such as the fact that defendants were common carriers; that it was their duty to take all the precautions of a cautious man in guarding against accidents and injuries to passengers

---

[1] *Ante,* p. 465.

traveling upon their coaches; the fact, if it be established, that plaintiff took his position on the outside of the coach under the supervision of defendants' agent; the fact, if it be established, that the driver assured him that the team should be held or watched, and all other facts in evidence connected with the accident." The balance of the instruction contained simply a restatement of correct legal propositions, most of which were embodied in the instructions given before the jury retired. There was no dispute as to defendants being common carriers, and they could not have been injured by this expression used in the instruction; and the rule of law as to their duty in guarding against accidents is correctly stated. The question is therefore confined to the propriety of calling the attention of the jury to the two remaining facts mentioned in the instruction, viz., that plaintiff assumed a post of danger under direction of defendants' agent, and that the driver assured him the horses should be held and watched.

We have examined the cases cited by counsel in support of their argument upon this point, but fail to find any that are analogous to the one before us, or which would justify us in concluding that there is error in this part of the instruction.

The court does not undertake to tell the jury that these facts are established; and he does not restrict their deliberations to them in deciding the question of contributory negligence; neither does he say that these facts authorize a determination of the question before them either way.

The immediate question presented by their inquiry referred to plaintiff's contribution to the injury. The court tells them that they should view his act in taking a dangerous seat upon the coach in the light of the fact, if it be established, that he did so under direction of defendants' agent, and that they should consider his failure to get off the coach and away from the danger in view of

the fact, if established, that he received assurances of protection from injury from another of defendants' agents.

We recall, and counsel cite, no fact or circumstance favorable to defendants, connected directly with this question, which could have been mentioned to the jury

So the instruction is not obnoxious to the objection that it invites special attention to facts unfavorable to defendants, and omits those which are favorable.

We do not wish to be understood as encouraging the practice of calling attention in instructions to particular facts in evidence. Yet considering the entire instruction before us in connection with the pleadings and proofs in this case, we cannot discover any error which justifies a rehearing.

*Rehearing denied.*