No. 21452.

SIMON PETER LUNA *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(421 P.2d 459)

Decided December 27, 1966.

W. C. Kettelkamp, Jr., for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

We will refer to the plaintiff in error by name. Luna was charged in separate counts in an information with the crimes of burglary, assault with a deadly weapon, assault to rape, and assault to murder. A trial was had to a jury. Luna was identified by the complaining witness as the person who gained admittance to her home and who viciously beat her with an electric iron. The theory of the defense was that it was not Luna who committed the crime and that he had been mistakenly identi-

fied by the victim of the attack. Luna attempted, through his own testimony and that of other witnesses, to establish an alibi.

The jury returned verdicts of guilty on two counts — burglary and assault with a deadly weapon. Judgment of conviction was entered, and he was sentenced to the state penitentiary on both counts, the sentences to run concurrently. The motion for a new trial was denied.

■ Luna brings writ of error alleging a number of reasons why his conviction should be reversed. Several of his assignments of error are advanced in this court for the first time. They deal with instructions relating to the question of choice of verdicts and alleged faulty forms of verdict submitted to the jury. Luna also asserts that the court should have defined assault in the instruction defining burglary, although it was defined in a separate instruction. There were no timely objections made during the trial. Therefore, those alleged errors in the instructions and verdicts which were not called to the court's attention will not be considered here. *Van Schooten v. People*, 82 Colo. 349, 259 Pac. 508; *Ball v. People*, 114 Colo. 163, 163 P.2d 650.

■ First among the assignments of error to which we give attention is Luna's argument that the trial court erred in allowing the jury to consider the offense of assault to murder. He argues that there was no evidence of the specific intent requisite to commit the crime. Luna, however, was acquitted of the offense by the jury so actually he is not in a position to complain of its submission to the jury. The error, if any, was rendered moot. *Bigcraft v. People*, 30 Colo. 298, 70 Pac. 417.

On the charge "assault with a deadly weapon" it is defendant's position that there was insufficient evidence that the attack differed from a common assault and battery and that the evidence produced did not show "the use of some instrumentality likely to produce great bodily harm or the brutal and unrestrained use of such instrumentality in the commission of the crime

charged." In support of his position he cites *Shreeves v. People*, 126 Colo. 413, 249 P.2d 1020.

■ We believe the testimony meets the test of *Shreeves*. One of the witnesses for the People, a Denver officer qualified as an expert in cases of homicide by means of blunt instruments, testified that the electric iron was capable of causing death. The iron was marked as an exhibit and shown to the jury so that they could consider its dimensions and weight. As to the manner in which the iron was wielded, the testimony of the complaining witness, plus the description of her swollen face and black eyes, certainly would establish that the weapon was used in a brutal and unrestrained manner. She testified that he brought down the iron repeatedly on her head and cheeks. We make observation from what we have read that not to have fractured her skull and cheek bones was purely fortuitous. There was little doubt that she was badly beaten.

■ Still another assignment of error concerns the trial court's refusal to instruct the jury on the crime of simple assault and to submit appropriate verdicts thereon. *Barnhisel v. People*, 141 Colo. 243, 347 P.2d 915, is advanced by Luna as bolstering his argument on this point. The *Barnhisel* case does not apply to the facts here. In that case Barnhisel testified that he did not intend to rape his victim. Thus he put in issue the question of specific intent, and, if the jury chose to believe him, only the crime of simple assault would have been established. In the case under consideration here, Luna, by his defense, did not raise any issue as to his state of mind. He claimed that he was not involved in the attack at all and that it was someone else who beat the victim. Thus the only testimony relating to the attack itself was provided by the complaining witness. It is clear from her evidence that the one who attacked her was guilty of assault with intent to do her great bodily harm, no considerable provocation appearing and the circumstances of the assault showing an abandoned and

334

malignant heart. There was no evidence of a mere assault.

 A fourth assignment of error is directed to the admission of testimony of a police officer relating to circumstances of the arrest of Luna. An objection was interposed to this testimony on the basis that it was not material to any of the issues in this case; that it did not pertain to the alleged crime, but concerned defendant's differences with the Police Department. If this testimony was improperly admitted, it was not prejudicial error such as to warrant reversal.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.