## No. C-50

MORRIS GARCIA *v.* CITY OF PUEBLO.
(489 P.2d 200)

Decided October 4, 1971.

RICHARD R. MACRORIE, for petitioner.

GORDON D. HINDS, JOSEPH J. LENIHAN, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS matter is here on writ of certiorari to the District Court of Pueblo County. Morris Garcia, petitioner, was charged and convicted in the Municipal Court of Pueblo with three city ordinance violations: (1) a traffic violation, (2) resisting arrest, and (3) the use of profane language. On appeal the county court, petitioner was found not guilty as to the first two charges because of the failure of the city to sustain its burden of proof. The court sustained Garcia's motion to dismiss the third count, stating:
". . . This Court finds in the present case that the failure of the plaintiff to allege a description of the words allegedly used by the defendant is defective to the complaint and is a denial of due process. . . ."
The county court then proceeded to declare the ordinance unconstitutional because it was vague and indefinite.

The county court upon determination that the complaint failed to charge an offense under the ordinance should have reversed the municipal court conviction and dismissed the complaint. By that determination there ceased to be a justifiable issue as between the defendant and the People. The court should have abstained from consideration of the constitutional issue inasmuch as the defendant was entitled to be acquitted on a non-constitutional ground.

The city thereafter appealed the ruling as to the unconstitutionality of the ordinance to the district court. Upon review by that court, the decision of the county court was reversed, the district court holding that the ordinance was valid. Upon the petition of Garcia we granted certiorari. Upon further review we now conclude that the petitioner does not have an appealable interest and that the writ of certiorari should be dismissed.

 It is axiomatic that constitutional questions may only be raised by a party whose interests are *in fact* affected by the challenged legislative act. *Flank Oil Co. v. Tennessee Gas Transmission Company,* 141 Colo. 554, 349 P.2d 1005. Where, as here, a decision of this court as to validity of the ordinance could not result in further proceedings against the petitioner, he has no standing to prosecute appellate proceedings beyond the court where his acquittal occurred. *United States v. Harriman,* 219 F.2d 918, *cert.den.,* 349 U.S. 928, 75 S.Ct. 771, 99 L.Ed. 1259; *United States v. Shelley,* 218 F.2d 157; *People v. Sorrentino,* 146 Cal.App.2d 149, 303 P.2d 859; *Berot v. Montgomery,* 169 La. 571, 125 So. 621.

The writ of certiorari previously granted is dismissed as improvidently granted.