## No. 25072

### The People of the State of Colorado v. Dolph Joe Olona
(505 P.2d 372)

Decided January 8, 1973.          Rehearing denied February 5, 1973.

300

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Brenman, Sobol & Baum, Melvin Rossman, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant Olona was the driver of one of two cars involved in an intersection collision. A passenger in the other car received facial injuries as a result of the collision. The defendant was charged with causing an injury while driving under the influence of intoxicating liquor (C.R.S. 1963, 40-2-11) and with vehicular assault (1965 Perm. Supp., C.R.S. 1963, 13-5-155(2)). He was convicted on the first charge and was found not guilty on the second.

I.

■ The defendant contends that the trial court erred by refusing to instruct the jury and submit verdict forms on the offenses of driving under the influence of intoxicating liquor and driving while ability is impaired. It is the position of the defendant that these crimes are lesser included offenses of

the charge of causing an injury while driving under the influence of intoxicating liquor.

In *Daniels v. People,* 159 Colo. 190, 411 P.2d 316 (1966), the court held that driving while under the influence of intoxicating liquor, reckless driving and careless driving are not lesser included offenses of the charge of causing a death while driving under the influence of intoxicating liquor (C.R.S. 1963, 40-2-10). We find the decision in *Daniels* to be dispositive of the defendant's argument here even though the defendant is charged with a violation of C.R.S. 1963, 40-2-11 rather than 40-2-10. The only substantial difference between 40-2-10 and 40-2-11 is that 40-2-10 applies where death is caused by operation of a motor vehicle while under the influence of intoxicating liquor and 40-2-11 applies where bodily injury is so caused. We fail to see how this difference should cause us to depart from our holding in *Daniels.*

The defendant acknowledges our opinion in *Daniels* and suggests that, if we do not distinguish it, it should be overruled. We are not inclined to do so.

II.

The defendant next argues that the trial court erred by instructing the jury on the charge of vehicular assault and by refusing to grant defendant's motion for judgment of acquittal on that charge. There are two grounds to this argument: (1) that the evidence was insufficient to support the charge; and (2) that, while the defendant was acquitted of the charge of vehicular assault, its submission to the jury adversely affected the defendant in the jury's consideration of the charge of which he was convicted, namely, causing an injury while driving under the influence of intoxicating liquor.

Assuming *arguendo* that there was not sufficient evidence to submit the question of vehicular assault to the jury, the matter became moot upon the verdict of not guilty. We find no reversible error in the conviction under the other charge by reason of the submission of the issues under the count of vehicular assault. *Luna v. People,* 161 Colo. 330, 421 P.2d 459 (1966).

### III.

■ The defendant also contends that the second paragraph of jury Instruction No. 14 operated as a judicial comment on the evidence and was prejudicial to the defendant. Instruction No. 14 read as follows:

"The laws of the State of Colorado provide that vehicular traffic facing a steady red signal alone shall stop before entering the intersection, and shall remain stopped until a green indication is shown.

"The fact, if it be a fact, that at the moment of collision the defendant was facing a steady red signal alone and had not stopped before entering the intersection, may be considered by you in determining whether or not the defendant was at that time driving in a reckless, careless or negligent manner."

We believe that the second paragraph could have been more appropriately phrased. However, we do not view this to be a judicial comment on the evidence. *Wall v. Livezay* (on petition for rehearing), 6 Colo. 550 (1883); and *cf. Hinton v. People,* 169 Colo. 545, 458 P.2d 611 (1969).

### IV.

Finally, the defendant contends that jury Instruction No. 8 was erroneous. Instruction No. 8 read as follows:

"Criminal negligence is the failure to exercise for the protection of others the care and caution that would be exercised by an ordinarily prudent person under the same circumstances. The failure to do what an ordinarily careful and prudent person would have done under all of the circumstances of the case, or the doing of something that an ordinarily prudent person would not have done under all of the circumstances of the case is criminal negligence."

■ An essential element of the offense of causing an injury while driving under the influence of intoxicating liquor is that the accused drove in a reckless, careless *or* negligent manner, *or* with a wanton or reckless disregard of human life or safety. Thus, one may be found guilty of causing an injury while driving under the influence of intoxicating liquor — assuming proof of the other elements — if he drove in a negligent manner. *See Daniels v. People,* 159 Colo. 190, 411

P.2d 316 (1966), and *Egle v. People,* 159 Colo. 217, 411 P.2d 325 (1966). The defendant admits that Instruction No. 8 contains a proper definition of simple negligence. In fact, the exact language of Instruction No. 8 was approved in *Egle v. People, supra.* The defendant argues, however, that the use of the term "criminal negligence" in the instruction indicates that the instruction related to the charge of vehicular assault, which requires a showing of reckless driving.

█ Although the use of the term "criminal negligence" was not proper, its use does not constitute reversible error. The instruction properly defined simple negligence. Moreover, the instruction was closely tied to other instructions relating to the offense of causing an injury while driving under the influence of intoxicating liquor (to which it properly referred). The instructions, read as a whole, adequately informed the jury on the law. *McCune v. People,* 179 Colo. 262, 499 P.2d 1184 (1972), and *Egle v. People, supra.*

Judgment affirmed.

MR. JUSTICE ERICKSON concurs in the result.