## No. 26049

### The People of the State of Colorado v. Bobby Joe Webb
(542 P.2d 77)

Decided October 6, 1975. Rehearing denied November 10, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, Thomas J. Tomazin, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, Allan Lipson, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The defendant, Bobby Joe Webb, appeals from a jury conviction of manslaughter under 1971 Perm. Supp., C.R.S. 1963, 40-3-104(1)(a).[1] This subsection of the statute was held unconstitutional in *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975). The Attorney General agrees that we must reverse, but remand with directions to resentence the defendant.

During the early morning hours of December 21, 1972, defendant Webb was driving behind a car driven by Donald Dunkle in which eighteen-year-old victim Cindy Mumford was a passenger. Dunkle testified that Webb followed him too closely and then attempted to pass him. Dunkle said he accelerated and drove into a truck-stop parking lot. A series of angry verbal exchanges between the pair culminated in Webb's shooting at Dunkle's car and fatally wounding Miss Mumford.

Marvin Koger, an eyewitness to the incident, testified that he saw Webb raise a gun and shoot at the Dunkle car from a distance of about twenty feet. It appeared to him that Webb fired the weapon without aiming. A second eyewitness, Mark Coy, testified that the Dunkle car was moving toward an exit gate at the time Webb shot the gun. He said the parking lot was well lighted at the time.

Webb testified that prior to the shooting he was driving behind Dunkle's car and attempted to pass it. At this point, Dunkle accelerated and swerved, forcing Webb off to the gravel portion of the left side of the road. Webb regained control of his jeep, drove ahead and stopped at the truck-stop parking lot after observing Dunkle's car there. Webb asked Dunkle why he tried to run him off the road, and the latter responded with the use

[1]Now section 18-3-104(1)(a), C.R.S. 1973.

of obscene language. Dunkle waived his arm out of the window of his car and shouted at him. Webb thought Dunkle had a firearm; he therefore grabbed his own gun from inside his jeep and fired with the intention of frightening Dunkle. He said that he had no intention of hurting anyone. The evidence is undisputed that Webb did not know either Dunkle or the victim prior to this incident.

The jury was instructed on first-degree murder, manslaughter and criminally negligent homicide.

The jury was instructed pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-3-102 (1)(d)[2] as follows:

"(1) A person commits the crime of murder in the first degree if:

. . . .

"(d) Under circumstances manifesting extreme indifference to the value of human life, he intentionally engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another."

The jury was instructed on manslaughter pursuant to section 40-3-104(1)(a) as follows:

"(1) A person commits the crime of manslaughter if:

"(a) He recklessly causes the death of another person . . ."

The jury was further instructed on criminally negligent homicide under 1971 Perm. Supp., C.R.S. 1963, 40-3-105(1)(a)[3] as follows:

"(1) A person commits the crime of criminally negligent homicide if he causes the death of another person:

"(a) By conduct amounting to criminal negligence; . . ."

Instructions were tendered which defined, *inter alia*, the terms "intentionally," "recklessly," and "criminal negligence."

 Defendant raises a number of arguments challenging the constitutionality of section 40-3-102(1)(d), under which he was charged. In view of the fact that the jury did not convict the defendant under this statute, these arguments cannot be properly considered on appeal. Constitutional questions may only be raised by a party whose interests are in fact affected by the challenged act. An acquittal on a charge deprives one of standing to attack its constitutionality on appeal. *Garcia v. City of Pueblo*, 176 Colo. 96, 489 P.2d 200 (1971). Analogously, a complaint that the jury was allowed to consider, improperly, an offense of which defendant was acquitted is rendered moot on appeal. *People v. Olona*, 180 Colo. 299, 505 P.2d 372 (1973); *Luna v. People*, 161 Colo. 330, 421 P.2d 459 (1966).

We also note, parenthetically, that defendant's argument that section 40-3-102(1)(d) is void for vagueness has been answered adversely in *People v. District Court*, 185 Colo. 78, 521 P.2d 1254 (1974).

---

[2]Now section 18-3-102(1)(d), C.R.S. 1973.
[3]Now section 18-3-105(1)(a), C.R.S. 1973.

■ However, defendant's contention regarding the unconstitutionality of section 40-3-104(1)(a) is a different matter. As noted the *Calvaresi* case decided subsequent to the filing of the instant appeal answers this argument. In *Calvaresi* we stated:

". . . The legislative attempt to distinguish between recklessness, and its purportedly less culpable counterpart, criminal negligence, constitutes a distinction without a sufficiently pragmatic difference. To base a conviction of a felony, rather than a misdemeanor, upon the shifting sands of these semantics does not constitute substantial justice."

Accordingly, defendant's conviction under section 40-3-104(1)(a) cannot stand.

■ Because section 40-3-105 contains all of the elements of the crime for which defendant was found guilty and is a lesser included offense, the same abundance of competent evidence supports conviction of criminal negligence. We therefore reverse and remand with directions to the trial court to vacate the manslaughter conviction and to sentence the defendant on violation of lesser included offense defined in section 40-3-105. *People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (1975) and cases cited therein.

We have noted other assignments of error and find them not to merit discussion.

Judgment and sentence on manslaughter conviction reversed and cause remanded with directions to resentence defendant.