The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

John Vincent TUMBARELLO, Defendant-Appellant.

No. 79SA29.

Supreme Court of Colorado, En Banc.

Feb. 2, 1981.

Rehearing Denied Feb. 23, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Sarah Scott Sammons, Asst. Atty. Gen., Litigation Section, Denver, for plaintiff-appellee.

Roath & Brega, P.C., Charles F. Brega and David W. Stark, Denver, for defendant-appellant.

LEE, Justice.

Defendant, John Vincent Tumbarello, was charged by information with theft by receiving, under section 18–4–410(6), C.R.S. 1973 (1978 Repl.Vol. 8) and conspiracy to commit theft by receiving, under section 18–2–201, C.R.S.1973 (1978 Repl.Vol. 8). After a trial to the court, the defendant was convicted of theft by receiving, under section 18–4–410(4), C.R.S.1973 (1978 Repl. Vol. 8), as a lesser included offense.[1] We affirm the conviction.

The charges arose out of a series of transactions between an undercover Denver police officer and the defendant. Upon hearing rumors that the defendant was in the business of "fencing" stolen merchandise and upon reading a newspaper advertisement stating that defendant would exchange automobiles for other merchandise, the officer approached the defendant and offered several television sets in exchange for an automobile. Since the officer stated that he could not afford monthly cash payments, the defendant offered to take in trade various kinds of merchandise and to credit the officer's account after each such transaction. After several transactions involving various kinds of merchandise, a car was delivered to the officer and he was told by the defendant that two more television sets would settle the account and entitle the officer to receive title to the car. The defendant suggested that the officer might continue to bring in merchandise in order to "trade up" to a better car.

The two television sets were delivered to the defendant in a parking lot in Denver.

1. "Section 18–4–410. *Theft by receiving.*

"(1) Except as provided in subsection (6) of this section, a person commits theft by receiving when he receives, retains, loans money by pawn or pledge on, or disposes of anything of value of another, knowing or believing that said thing of value has been stolen, and when he intends to deprive the lawful owner permanently of the use or benefit of the thing of value.

"(2) Where the value of the thing involved is less than fifty dollars, theft by receiving is a class 3 misdemeanor.

"(3) Where the value of the thing involved is fifty dollars or more but less than two hundred dollars, theft by receiving is a class 2 misdemeanor.

"(4) Where the value of the thing involved is two hundred dollars or more but less than ten thousand dollars, theft by receiving is a class 4 felony.

"(5) Where the value of the thing involved is ten thousand dollars or more, theft by receiving is a class 3 felony.

"(6) When the value of the thing involved is two hundred dollars or more and the person committing theft by receiving is engaged in the business of buying, selling, or otherwise disposing of stolen goods for a profit, theft by receiving is a class 3 felony."

Subsection (6) is aimed at professional "fences" and imposes the most severe punishment under the theft by receiving statute.

The transaction was recorded on tape by the police and by a Denver television station for use on a series they were doing on police "sting" operations. After the transfer of the television sets to the defendant, he gave the officer title to the car. The defendant was arrested shortly thereafter.

At trial, defendant claimed that he did not know or believe that the goods were stolen and that he had suspected that the undercover agent was a police officer from the beginning. Defendant testified he merely wanted to see how far the police would go in an attempt to catch him in something illegal. Defendant asserted the transactions were legitimate business dealings.

The officer testified that, while he had never used the word "stolen," he had talked about "getting some heat," not wanting to get "busted," that the items were "hot," and that the company where the television sets were obtained had become aware that some television sets were being "ripped off."

On motion, the defendant was acquitted of the conspiracy count at the end of the prosecution's case. At the conclusion of all of the evidence, the court acquitted the defendant of theft by receiving under subsection (6), stating that the People had failed to establish beyond a reasonable doubt that the defendant was engaged in the business of buying, selling, or otherwise disposing of stolen goods for profit.

The court found the defendant guilty of theft by receiving under subsection (4), holding that subsection (4) is a lesser included offense of subsection (6); the court found that the thing of value exceeded two hundred dollars but was less than ten thousand dollars in value. Defendant was sentenced to a indeterminate to six-year term in the penitentiary, which was suspended. The defendant was assessed a four thousand dollar fine, and placed on probation for a period of five years.

On this appeal, the defendant claims: first, that subsection (6) is unconstitutionally vague; second, that subsection (4) is not a lesser included offense of subsection (6); and, third, that the evidence was insufficient to convict him of theft by receiving.

### I.

The defendant claims that the statute under which he was charged, section 18–4–410(6), is unconstitutionally vague. We hold that defendant does not have standing to raise this issue.

 Defendant was acquitted of the charge under subsection (6). In general, constitutional attacks may only be raised by a party whose interests are adversely affected by the challenged act. *People v. Webb*, 189 Colo. 400, 542 P.2d 77 (1975). An acquittal generally deprives one of standing to attack the constitutionality of the statute on appeal. *Id. See also Garcia v. Pueblo*, 176 Colo. 96, 489 P.2d 200 (1971). Since the defendant was acquitted of charges under subsection (6), he cannot be said to be adversely affected so as to allow him to challenge the subsection's constitutionality on appeal. *State v. Bojorquez*, 88 N.M. 154, 538 P.2d 796 (N.M.App.1975).

### II.

The defendant argues that subsection (1) is not a lesser included offense of subsection (6), and that, therefore, his conviction under subsection (1) was invalid.[2]

 An examination of the framework of section 18–4–410 reveals that subsection (1) defines the offense of theft by receiving and sets forth the elements necessary to the commission of that offense. Subsections (2), (3), (4), and (5) classify the grade of the offense according to the value of the thing involved in the theft by receiving. Subsection (6) creates an offense, aimed at professional "fences" who are engaged in the business of buying, selling, or otherwise disposing of stolen goods for profit, which is classified as a class 3 felony. It is at once

---

**2.** Although the defendant was convicted under subsection (4), he frames his argument around subsection (1), which is the definition section of the offense of theft by receiving.

apparent that a person cannot be convicted of theft by receiving under subsection (6) unless the People prove beyond a reasonable doubt the elements of the offense set forth in subsection (1) and also the further elements: that the value of the thing involved is more than two hundred dollars; and that the person committing the theft by receiving is engaged in the business of buying, selling, or otherwise disposing of stolen goods for profit. By this analysis, the trial court held that subsection (6) is a greater offense and encompasses the lesser included offense set forth in subsection (4). We agree with this interpretation and find it consistent with the lesser included offense test set forth in *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974) and its progeny.

 In comparing the constituent elements of both sections, the establishment of the offense under subsection (6) necessarily includes all of the elements required to prove subsection (4). The trial court held that the evidence failed to establish an essential element of subsection (6)—that the defendant was engaged in the business of buying, selling, or otherwise disposing of stolen goods. It therefore acquitted defendant of that charge. However, it found the evidence sufficient to establish beyond a reasonable doubt the lesser included offense under subsection (4) and thus properly entered a judgment of conviction on the lesser offense.

### III.

Finally, defendant claims that the evidence presented is insufficient to convict him of theft by receiving. When examining the sufficiency of evidence on appeal, we review the evidence in the light most favorable to the prosecution and will not set aside a conviction because a different conclusion might be drawn from the evidence. *People v. Rosenberg*, 194 Colo. 423, 572 P.2d 1211 (1978).

Defendant claims that the evidence that he knew or believed the goods to be stolen was insufficient. The defendant's state of mind may be inferred from his conduct or from the circumstances of the case. *Garcia v. People*, 172 Colo. 329, 473 P.2d 169 (1970). In our view, the evidence was sufficient to convict the defendant. The trial court was at liberty to disbelieve the testimony of the defendant regarding his lack of knowledge about the origin of the goods in question, and to draw inferences to the contrary from the prosecution's evidence. *People v. McGill*, 190 Colo. 443, 548 P.2d 600 (1976). The court could reasonably infer that the defendant in fact believed that the goods were stolen in view of the prosecution's evidence that the undercover officer in his dealings with the defendant had referred to the goods as "hot" and "ripped off." While the officer never used the word "stolen," he explained that such a word would have seemed odd to the people with whom he was dealing, and that to avoid tipping them off as to his real identity he used colloquial expressions having the same meaning. From our review of the record, there was sufficient evidence to reasonably support the court's conclusion that the defendant was guilty beyond a reasonable doubt. *People v. Rosenberg, supra; People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

The judgment is affirmed.