Kevin J. MOORE, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 94SC700.

Supreme Court of Colorado,
En Banc.

Sept. 23, 1996.

Rehearing Denied Oct. 15, 1996.

received a twelve year aggravated sentence.[3] We affirm the judgment.

Chambers, Dansky and Hansen, P.C., Nathan D. Chambers, Denver, for Petitioner.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Laurie A. Booras, Assistant Attorney General, Criminal Enforcement Section, Denver, for Respondent.

Justice HOBBS delivered the Opinion of the Court.

We granted certiorari to review certain questions regarding the court of appeals decision affirming the conviction of defendant Kevin J. Moore (Moore) for reckless manslaughter,[1] *People v. Moore,* 902 P.2d 366 (Colo.App.1994). Moore was charged with first degree extreme indifference murder, § 18–3–102(1)(d), 8B C.R.S. (1986), second degree murder, § 18–3–103, 8B C.R.S. (1986), and a crime of violence, § 16–11–309, 8A C.R.S. (1986). Jury instructions included second degree murder, reckless manslaughter, and criminally negligent homicide as lesser included offenses of the first degree extreme indifference murder charge. The jury instructions also provided that the jury could not find the defendant guilty of more than one of these offenses.[2] The jury found Moore guilty of reckless manslaughter. He

## I.

On Saturday night, September 21, 1991, Moore and several of his companions gathered near a popular street corner, the intersection of Pikes Peak and Nevada Avenues in downtown Colorado Springs. Moore and his friends left a party they considered too crowded, for a location Moore liked to frequent. The group encircled a group of soldiers and began to shove and yell at them, with Moore ordering them, "Get off our block." A fight ensued. Several soldiers got into their cars and fled. A soldier who was being beaten in the street escaped by leaping into a passerby's car. Three soldiers got into another car. Through an open window Moore attempted to punch a person seated on the passenger side of the car. Moore kicked the side of the car, denting it before the car was driven away. Enraged, Moore began kicking in newspaper stands near the intersection.

Approximately twenty minutes after the soldier escaped into the passerby's car, and ten minutes[4] after the newspaper stands were kicked, another incident occurred. Two more soldiers approached the intersection walking north on Nevada Avenue. Layne Schmidtke (Schmidtke) and Joseph Reeves (Reeves) were walking through town to Schmidtke's residence on Greenview Court. A young woman shouted a warning to them.

1. The issues on which we granted certiorari were stated as follows: Whether the court of appeals erred in ruling that the charge of extreme indifference murder in the first degree is established when the conduct which causes death is directed at a particular person; whether the court of appeals properly considered the petitioner's appellate issues concerning extreme indifference murder in the first degree when the petitioner was acquitted of that charge and convicted of manslaughter; whether the court of appeals erred in ruling that murder in the second degree is a lesser included offense of extreme indifference murder in the first degree; whether the court of appeals erred in ruling that the petitioner was not entitled to a jury instruction on the lesser non-included offense of third degree assault.

2. Section 18–1–408(1)(a), 8B C.R.S. (1986), provides in pertinent part that a defendant "may not be convicted of more than one offense if ... [o]ne offense is included in the other."

3. The trial court's November 19, 1992, order stated that in this case there were "extraordinary aggravating circumstances" under § 18–1–102.5, 8B C.R.S. (1986) because:

the incident was an unprovoked attack without mercy, there was kicking without respect for the consequences, the brutality, there was no justification for the attack, the total disregard for the life and the safety of the victim, the participation in acts that caused a death and the degree of violence.

4. Another witness testified that thirty minutes elapsed between the first and second incidents.

Consequently, they made an effort to avoid Moore's group on the sidewalk.

As Schmidtke and Reeves were stepping from the sidewalk onto the crosswalk, Moore shouted angry words to the effect of "Get off. What are you doing on my block?" or "This is our corner." Reeves heard a commotion and saw the first blow to Schmidtke, a fist striking Schmidtke behind the right ear. Then Reeves was struck in the face.

Schmidtke and Reeves tried to retreat across Pikes Peak Avenue. Schmidtke fell to the street, whereupon Moore and others began to kick him about the head and body. Schmidtke curled up with his hands above his head, going limp and unconscious. The kicking continued. Likened to the force of kicking a football off the ground, the beating continued while Schmidtke lay motionless on the street. A crowd gathered. A witness shouted three times, "They're killin' 'im!" A group of girls in a tan car got out and screamed for the perpetrators to "Stop!"; "He's had enough!" and someone said "Oh, my God, he's dead, he's dead!"

Reeves was severely kicked while lying atop Schmidtke's unconscious body, attempting to ward off more blows to his friend. A witness who pleaded with Moore to stop was told by him, "So, I don't care. If you want to, you can be next." An autopsy the following day ascribed the cause of Schmidtke's death as blunt trauma to the head.

At trial Moore testified that he did not kick the victim and was fighting with Reeves, not Schmidtke. But Moore admitted that he had previously told an investigating officer that he had been asleep in a friend's car throughout the entire incident.

The trial court denied Moore's motion for acquittal on the extreme indifference first degree murder charge. The jury was instructed on that charge, with second degree murder, reckless manslaughter, and criminally negligent homicide instructions being delivered as lesser included offenses. Moore's counsel tendered an instruction for assault in the third degree as a lesser included offense to first degree murder. The trial court refused to give this instruction because it was not a lesser included offense within the scope of homicide charges.

The jury returned a conviction for reckless manslaughter. On appeal, Moore contended, in relevant part, that (1) the jury was erroneously instructed on extreme indifference murder because the trial court improperly denied his motion for acquittal, where the killing conduct was directed at one individual and there was no evidence of universal malice; (2) the jury was erroneously instructed that second degree murder is a lesser included offense of extreme indifference murder; and (3) the trial court erroneously failed to instruct the jury on a lesser non-included charge of third degree assault, thus denying the defendant an opportunity to present his theory of the case.

The court of appeals affirmed the trial court, first holding that the trial court did not err in denying the defendant's motion for acquittal on extreme indifference murder. *Moore*, 902 P.2d at 369. Second, the court of appeals declined to discuss whether second degree murder is a lesser included offense of extreme indifference murder. *Id.* Finally, the court of appeals held that the third degree assault instruction did not meet the criteria for lesser non-included offenses and concluded that the jury had been instructed with regard to Moore's theory of the case. *Id.* at 370. The court of appeals upheld the defendant's manslaughter conviction. *Id.* at 371.

## II.

Because defendant was not convicted of first degree extreme indifference murder, defendant's challenge to the trial court's denial of the motion to acquit him of the extreme indifference murder charge, and the trial court's consequent instruction to the jury, is moot on appeal. Likewise, Moore's challenge to the jury instructions regarding second degree murder as a lesser included offense of extreme indifference murder is moot because Moore was not convicted of that offense. Finally, we hold that the court of appeals was correct in rejecting defendant's argument that a third degree assault instruction, as a lesser non-included offense, should have been given.

## A.

■ Moore contends that he did not receive a fair trial because his motion for acquittal in regard to the extreme indifference murder charge was denied and the jury was instructed as to that charge. We conclude that this issue is moot, and the court of appeals discussion unnecessary and inappropriate,[5] because Moore was acquitted of that charge.

Moore contends that the extreme indifference murder instruction may have adversely affected the jury's consideration of the offense for which he was found guilty. We rejected this argument in *People v. Olona*, 180 Colo. 299, 302, 505 P.2d 372, 373 (1973). There, defendant was charged with vehicular assault and with causing an injury while driving under the influence of intoxicating liquor. Because the defendant was acquitted of the vehicular assault charge, we held that, even if the evidence did not support submitting that charge to the jury, defendant's issues regarding denial of his motion for acquittal and the jury instruction on vehicular assault were rendered moot by the not guilty verdict.

Likewise, in *Luna v. People*, 161 Colo. 330, 421 P.2d 459 (1966), the defendant was charged with the crimes of burglary, assault with a deadly weapon, assault to rape, and assault to murder. He asserted that he had been mistakenly identified by the victim of the attack. He was acquitted on the assault to rape and assault to murder charges and convicted of burglary and assault with a deadly weapon. On appeal, defendant asserted that the jury should not have been allowed to consider the offense of assault to murder for lack of evidence to support that

charge. The court held that the issue of the erroneous instruction was moot because the jury had found defendant not guilty of that charge. *Id.* at 332, 421 P.2d at 460; *accord People v. Fite*, 627 P.2d 761, 766 (Colo.1981). Similarly, in *People v. Webb*, 189 Colo. 400, 402, 542 P.2d 77, 78–79 (1975), the court stated that "a complaint that the jury was allowed to consider, improperly, an offense of which defendant was acquitted is rendered moot on appeal."

Other jurisdictions agree with this rationale. The Supreme Court of Ohio recently employed mootness in upholding a conviction of attempted rape where defendant was acquitted of rape. *State v. Williams*, 74 Ohio St.3d 569, 660 N.E.2d 724, 732 (1996) ("It should also be noted that Williams was acquitted of rape, rendering the Crim. R. 29 motion on that charge moot."); *see also Davis v. State*, 885 P.2d 665, 669 (Okla.Crim. App.1994) (because the appellant was acquitted of charge, argument regarding charge was moot); *Eatherton v. State*, 761 P.2d 91, 94 (Wyo.1988) (same).

## B.

■ Moore contends that second degree murder is not a lesser included offense of extreme indifference murder, but this issue is likewise moot because Moore was not convicted of that charge. Although the jury considered convicting Moore of extreme indifference murder, second degree murder, and criminally negligent homicide, the jury found Moore guilty of reckless manslaughter.[6] The trial court delivered the following manslaughter instruction to the jury:

> Viewing that evidence in a light most favorable to the prosecution, as we must, we conclude that the jury could well have found defendant guilty of the charge beyond a reasonable doubt.
>
> *Moore*, 902 P.2d at 369.

---

**5.** In ruling that the trial court did not err in submitting the extreme indifference murder charge to the jury, the court of appeals made the following comment:

[H]ere, there was evidence to support the charge. Specifically, the jury could have concluded that defendant had indiscriminately shoved, hit, kicked, and threatened one or more persons without provocation near the time of the victim's death, thus indicating excessively reckless conduct. Further, there was testimony that defendant had worked himself into a frenzy and that he did not know the victim or any of the other people he hit, kicked, or shoved, tending to establish his extreme indifference to the value of human life.

**6.** To commit reckless manslaughter, the actor causes death by acting in a manner that involves a substantial and unjustifiable risk of death of the victim, and although the actor is conscious of the risk, he nevertheless chooses to engage in the action. *People v. Thomas*, 729 P.2d 972, 974 (Colo.1986). Reckless behavior by its very nature is unreasonable because the actor, aware of the risk, chooses to disregard it. *Sanchez v.*

1. that the Defendant,
2. in the State of Colorado, at or about the date and place charged,
3. recklessly,
4. caused the death of another person.

The verdict demonstrates that the jury in convicting Moore of manslaughter and none of the other offenses heeded the instruction that they could convict Moore of no more than one of the four offenses as to which they were instructed.[7]

## C.

■■ Moore argues that a third degree assault instruction, as a non-included offense, should have been given to provide the jury an opportunity to implement Moore's theory of the case [8] by convicting him of an assault on Reeves. But the only instruction tendered by Moore on third degree assault, and his grounds for objection at trial to the refusal of that instruction, were based upon Moore's view that the third degree assault instruction should have been given as a lesser included offense.[9] A request for an instruction on third degree assault as a lesser non-included offense, regarding the assault against Reeves, was never made to the trial court. The issue was raised for the first time on appeal.

Crim. P. 30 provides in pertinent part:

A party who desires instructions shall tender his proposed instructions to the court .... All instructions shall be submitted to the parties, *who shall make all objections thereto before they are given to the jury. Only the grounds so specified shall be considered ... on review.*

(Emphasis added.) Although Moore objected to the refusal of the third degree assault instruction at his trial, he did not identify, as grounds for his objection, that he was entitled to a non-included offense instruction. Only the grounds previously specified to the trial court may be considered on review unless the alleged error is deemed "plain error" within the meaning of Crim. P. 52(b). *See People v. Vigil,* 718 P.2d 496, 504 (Colo.1986); *see also Boatright v. Derr,* 919 P.2d 221, 227 (Colo.1996).

Plain error [10] has been defined as an error that is obvious, substantial, and grave, seri-

---

*People,* 820 P.2d 1103, 1109 (Colo.1991). The *mens rea* for reckless manslaughter differs from that required for second degree murder and for criminally negligent homicide. To sustain a conviction of second degree murder the evidence must establish that the defendant acted *knowingly* with respect to a result of his conduct, *while aware that his conduct was practically certain to cause death. People v. DelGuidice,* 199 Colo. 41, 43, 606 P.2d 840, 841–42 (1979); *see People v. Mingo,* 196 Colo. 315, 318, 584 P.2d 632, 633–34 (1978). Criminally negligent homicide involves defendant's *failure to perceive* a substantial and unjustifiable risk that death might occur. *People v. Jones,* 193 Colo. 250, 253–54, 565 P.2d 1333, 1335, *appeal dismissed,* 434 U.S. 962, 98 S.Ct. 498, 54 L.Ed.2d 447 (1977).

7. Instruction No. 17, in pertinent part, states: "While you may find the Defendant not guilty of the crimes charged, or of any or all lesser included offenses; you may not find the Defendant guilty of more than one of the following offenses:
   Murder In The First Degree
   Murder In The Second Degree
   Manslaughter
   Criminally Negligent Homicide."

8. The trial court did deliver Moore's requested "Instruction No. 4" containing his theory that he did nothing to Schmidtke, as follows:
   Kevin Moore admits he was involved in a fight where he and others were combating Joseph Reeves while Layne Schmidtke and others were also engaged. He maintains that he did not aid, abet or advise any other person to commit any crime other than the fighting he testified to if such is to be considered a crime. Further, he had no knowledge that any other person intended to commit any crime that would result in the death of Layne Schmidtke, nor did he know or believe his actions would result in the death of any person.

9. Counsel for Moore objected to the refusal of his instruction that assault was a lesser included offense as follows: "In regards to lesser includeds, we would object and state the assault should be added since this case is based to a great extent, seemingly at times, on complicity. Complicity may only have gone as far as ... being involved in an assault, assaultive behavior." The trial court rejected assault as a lesser included offense, stating that "the charges, as brought, and the evidence relates to various degrees of homicide, and that the defendant has not been charged with, nor would the evidence bring an issue of assault.... Layne Schmidtke ... did die, and the issue is raised whether there was a homicide, if so, what degree."

10. Crim. P. 52(b) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

ously affecting the substantial rights of the accused. *People v. Barker*, 180 Colo. 28, 32, 501 P.2d 1041, 1043 (1972). Plain error occurs when, after review of the entire record, a court can conclude with "fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *People v. Kruse*, 839 P.2d 1, 3 (Colo.1992); *Wilson v. People*, 743 P.2d 415, 420 (Colo.1987).

Plain error is not indicated by the facts of this case. The record demonstrates that Moore had a fair trial. Clearly, the jury had the opportunity to find Moore not guilty based upon his testimony and the theory of the case instruction that was given, if the jury had believed Moore's testimony. Moreover, a *sua sponte* instruction by the trial court regarding a non-included, non-charged offense against Reeves would have been improper under the circumstances. *See Hanes v. People*, 198 Colo. 31, 35, 598 P.2d 131, 134 (1979); *People v. Rivera*, 186 Colo. 24, 28–29, 525 P.2d 431, 434 (1974)(non-included offense instructions are "tantamount to a defendant's consent to an added count being charged against him").

### III.

Accordingly, the judgment is affirmed.