Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2017 CO 58**

**No. 14SC699, <u>People v. Rock</u>—Jury Instructions—Lesser Offenses.**

The People sought review of the court of appeals' judgment reversing Rock's convictions for second degree burglary and theft.  <u>See</u> <u>People v. Rock</u>, No. 11CA1936 (Colo. App. July 3, 2014).  The trial court denied Rock's request for an additional, lesser included-offense instruction on second degree criminal trespass, on the ground that second degree criminal trespass is not an included offense of second degree burglary. The court of appeals reversed, concluding that in denying Rock's request, the trial court erred and that the error was not harmless with regard to either of Rock's convictions.

The supreme court reverses the judgment of the court of appeals because second degree criminal trespass is not a lesser included offense of second degree burglary under the strict elements test, as clarified in <u>Reyna-Abarca v. People</u>, 2017 CO 15, 390 P.3d 816.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

### 2017 CO 58

### Supreme Court Case No. 14SC699
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 11CA1936

#### Petitioner:

The People of the State of Colorado,

v.

#### Respondent:

Priscilla Ann Rock.

### Judgment Reversed
*en banc*
June 5, 2017

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
Brock J. Swanson, Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Respondent:**
Douglas K. Wilson, Public Defender
Cory D. Riddle, Deputy Public Defender
  *Denver, Colorado*

**JUSTICE COATS** delivered the Opinion of the Court.

¶1 The People sought review of the court of appeals' judgment reversing Rock's convictions for second degree burglary and theft. See People v. Rock, No. 11CA1936 (Colo. App. July 3, 2014). The trial court denied Rock's request for an additional, lesser-included-offense instruction on second degree criminal trespass, on the ground that second degree criminal trespass is not an included offense of second degree burglary. The court of appeals reversed, concluding that in denying Rock's request, the trial court erred and that the error was not harmless with regard to either of Rock's convictions.

¶2 Because second degree criminal trespass is not a lesser included offense of second degree burglary under the strict elements test, as clarified in this court's recent decision in Reyna-Abarca v. People, 2017 CO 15, 390 P.3d 816, the judgment of the court of appeals is reversed.

**I.**

¶3 Priscilla Rock was charged with one count of second degree burglary, as proscribed at section 18-4-203(1), C.R.S. (2016), and one count of theft, as proscribed at section 18-4-401(1)(a), C.R.S. (2016), both arising from the same incident.[1] She was convicted on both counts and sentenced to concurrent two-year terms of probation.

¶4 The evidence at trial indicated that at some point between May 29 and May 31, 2010, the defendant entered her ex-boyfriend's parents' house through a bedroom window and left the home with multiple DVDs, two jackets, a baseball hat, and a laptop

[1] The original Felony Complaint/Information also charged the defendant with tampering with physical evidence, but this charge was later dismissed at the prosecution's request.

computer. The defendant conceded that she entered the house without authorization, but testified that she did so for the purpose of locating a memory card containing digital pictures of her son, whose father is the ex-boyfriend. She further testified that after she failed to locate the memory card in the house, she took the items from the home to hold them as "collateral," in hopes of compelling her ex-boyfriend to deliver the memory card to her later, without ever intending to permanently keep these items from their owners. The prosecution, however, presented evidence that the defendant sold and gave away some of the items.

¶5 The trial court instructed the jury on the elements of second degree burglary and theft, but denied the defendant's request for a lesser-included-offense instruction on second degree criminal trespass. The trial court declined to give the requested instruction on the ground that the elements of second degree criminal trespass are not included within the elements of second degree burglary. The jury returned guilty verdicts on second degree burglary and theft, and the defendant appealed her convictions.

¶6 The court of appeals reversed both of the defendant's convictions, finding that the trial court erred in denying the defendant's requested instruction and that the error was not harmless with regard to either conviction. Rock, slip op. at 3–7. With regard to the denial of the requested instruction in particular, the intermediate appellate court reasoned that the elements of second degree criminal trespass are included within second degree burglary and that the defendant was entitled to an instruction permitting the jury to convict of the former offense in lieu of the latter. Id.

¶7    The People petitioned for writ of certiorari.

## II.

¶8    For various policy reasons related to fairness and compromise verdicts, a criminal defendant in this jurisdiction has long been entitled to have the jury instructed on a lesser offense, whether included in the charged offense or not, as long as there is a rational basis in the evidence to acquit of the greater offense and yet convict of the lesser. See People v. Aragon, 653 P.2d 715, 720 n.5 (Colo. 1982); People v. Rivera, 525 P.2d 431, 434 (Colo. 1974). Whether the lesser offense is included in the greater, however, is not a matter without consequence. A lesser included offense, as defined in this jurisdiction, merges with the greater, precluding conviction of both, while a lesser non-included offense does not, and therefore effectively amounts to an additional charge.

¶9    Because the defendant has been put on notice that he must also defend against an offense the elements of which are included in the charge, even the prosecution is entitled to have the jury instructed on a lesser offense that is effectively included in a greater offense as charged. See People v. Garcia, 940 P.2d 357, 361–64 (Colo. 1997); see also Crim. P. 31(c). If the prosecution has not made such a request, however, it is for the defendant to elect—and in the absence of a request by the defendant, it may reasonably be assumed that he has elected—to take his chance on an outright acquittal or conviction of the principal charge rather than to provide the jury with an opportunity to convict of a lesser offense. People v. Romero, 694 P.2d 1256, 1269 (Colo. 1985). Unless either the prosecution or the defense requests a lesser-included-offense instruction, the

4

court is therefore not obligated to give one. Id. Because instructing the jury on a lesser non-included offense would be tantamount to adding a new charge against the defendant, it clearly involves a tactical or strategic choice of a different order even from requesting a lesser-included-offense instruction, see Arko v. People, 183 P.3d 555, 558 (Colo. 2008), and therefore in the absence of a defense request specifically for a non-included-offense instruction, giving one would be improper, Moore v. People, 925 P.2d 264, 268–69 (Colo. 1996).

¶10 Since our opinion in Rivera in 1975, we have looked to what has variously been described as the "elements" or "statutory elements" or "strict elements" test to determine whether one offense is included within another for purposes of a defendant's entitlement to have a lesser included offense presented to the jury as an alternate basis for conviction. See 525 P.2d at 433–34 (comparing the "evidentiary test" against the statutory elements test and selecting the latter test for this jurisdiction). If any question remained, we have recently made abundantly clear that the standard for determining whether one offense is included within another is the same for purposes of a defendant's entitlement to a lesser-included-offense instruction and the constitutional and statutory protection against his being convicted of more than a single offense for the same criminal act at the same proceeding, as provided by section 18-1-408(5)(a), C.R.S. (2016), and the Double Jeopardy Clauses of the United States and Colorado Constitutions. See Reyna-Abarca, ¶¶ 59–60, 390 P.3d at 825–26. At the same time, in reliance on our understanding of the federal standard for assessing a defendant's

entitlement to a lesser-included-offense instruction, we clarified the contours of the strict elements test in this jurisdiction. See id.

¶11    In Reyna-Abarca, we looked for guidance to the "elements approach" of Rule 31(c) of the Federal Rules of Criminal Procedure, as articulated by the Supreme Court in Schmuck v. United States, 489 U.S. 705, 716 (1989). We there held that "an offense is a lesser included offense of another offense if the elements of the lesser offense are a subset of the elements of the greater offense, such that the lesser offense contains only elements that are also included in the elements of the greater offense." Reyna-Abarca, ¶ 3, 390 P.3d at 818 (emphasis added). Our formulation of this test not only made clear that a lesser offense is included whenever all of its elements are a subset of the elements of the greater, such that they all are included in the elements of the greater offense, but it also necessarily implied that a lesser offense is not included if it contains an element in addition to those that are included in the elements of the greater offense. We found this standard appropriate for this jurisdiction in large part for the reason that we considered the determination whether one offense is a subset of another to be a determination that could be readily and uniformly applied in all cases. Id.

¶12    Whether second degree criminal trespass is a lesser included offense of second degree burglary is therefore reduced to the question whether second degree criminal trespass contains only elements that are included in the elements of second degree burglary or, conversely, whether it contains any element that is not included in the elements of second degree burglary. While both offenses appear to proscribe unlawfully entering or remaining in some kind of structure or on some kind of

6

property, the statutory definitions of the structure or property upon which the defendant must have unlawfully entered or remained in each case are not coterminous.

¶13 Conviction of second degree burglary requires that the defendant have unlawfully entered or remained in a "building or occupied structure." § 18-4-203(1). By contrast, conviction of second degree criminal trespass requires, as applicable here, that the defendant have unlawfully entered or remained in or upon "the premises of another which are enclosed in a manner designed to exclude intruders or are fenced." § 18-4-503(1)(a), C.R.S. (2016). A "building" is further defined, as pertinent here, to refer to "a structure which has the capacity to contain, and is designed for the shelter of, man, animals, or property"; and "occupied structure" is further defined, as pertinent here, to refer to "any area, place, facility, or enclosure which," among other things, "is in fact occupied by a person or animal, and known by the defendant to be thus occupied at the time he acts." § 18-4-101(1)–(2), C.R.S. (2016). For purposes of second degree criminal trespass, "premises" are further defined to refer to "real property, buildings, and other improvements thereon." § 18-4-504.5, C.R.S. (2016).

¶14 While the "premises" unlawfully entered or remained upon satisfying an element of second degree criminal trespass may well be a "building or occupied structure," satisfying a corresponding element of second degree burglary, they also might not be. It is hardly difficult to envision some fenced real property of another that is neither a structure designed for shelter, see People v. Moyer, 635 P.2d 553, 556 (Colo. 1981) (stating that "a fenced enclosure generally is not designed for shelter; rather, its design is directed to containment or exclusion"), nor a structure that is occupied at the

7

time the defendant unlawfully enters or remains. That being the case, even the subsection of the statute with regard to which the defendant requested an instruction on second degree criminal trespass contains at least one element in addition to those that are included within the statutory elements of second degree burglary.

¶15 Within the meaning of the strict elements test, as we have articulated it for this jurisdiction, second degree criminal trespass is therefore not an included offense of second degree burglary, to which a criminal defendant could be entitled to a lesser-included-offense instruction. In the absence of any request by the defense for a lesser-non-included-offense, as distinguished from a lesser-included-offense, instruction on second degree criminal trespass, it would actually have been improper for the court to subject the defendant to conviction of that additional, and uncharged, offense.

## III.

¶16 Because second degree criminal trespass is not a lesser included offense of second degree burglary under the strict elements test, as clarified in this court's recent decision in Reyna-Abarca v. People, 2017 CO 15, 390 P.3d 816, the judgment of the court of appeals is reversed.