22CA1749 Peo v Wilson 12-19-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA1749
Arapahoe County District Court No. 20CR1149
Honorable Darren L. Vahle, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael David Wilson,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lipinsky and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Elsa Archambault, Alternate Defense Counsel, Denver, Colorado, for
Defendant-Appellant

¶ 1     Defendant, Michael David Wilson, appeals the judgment of conviction entered on a jury verdict finding him guilty of the lesser nonincluded offense of accessory to crime. We affirm.

## I.     Background

¶ 2     The People charged Wilson with attempted first degree murder, first degree assault, and second degree kidnapping. The evidence at trial showed that Ryonelle Austin told Wilson to drive the victim to a remote location, pull over, and get the victim out of the car. Wilson did so, and Austin shot the victim several times in the thoracic area, both legs, and the back. Wilson and Austin drove away. The victim managed to summon aid and survived his injuries.

¶ 3     At Wilson's trial, the prosecution advanced a theory that Wilson was guilty of the charged offenses as a complicitor, and that Wilson and Austin had planned to kill the victim.

¶ 4     Defense counsel submitted a lesser nonincluded offense instruction for the offense of accessory to crime, consisting of an elemental instruction and two interrogatories. The first interrogatory related to first degree assault and the second interrogatory related to attempted first degree murder. The court

1

asked defense counsel, "Are you seeking to add accessory as a lesser non-included?" Defense counsel responded, "Your Honor, we are."

¶ 5     Defense counsel said that he wanted to give the jury only the first degree assault interrogatory because "we believe that there is a rational basis for the jury to convict on Mr. Wilson being an accessory to first degree assault and not necessarily to attempt[ed] first degree murder." But, counsel said, he gave the court both interrogatories "to be complete depending on how the Court rules."

¶ 6     The court queried defense counsel on "what would be the rational basis by which [Wilson] would be acquitted of accessory to criminal attempt to commit first degree murder but be convicted of . . . accessory to first degree assault?" Defense counsel responded that the basis was Austin's lack of intent "to murder [the victim], but to cause him serious bodily injury" instead.

¶ 7     The prosecutor argued that there was not "a rational basis to acquit [o]n accessory to [attempted] first degree murder and only convict of accessory to first degree assault." Rather, he submitted, the court should give both of defense counsel's interrogatories and

"allow the jury to make that determination themselves." The prosecutor asserted that accessory to first degree assault alone did not fit the facts of the case:

> [H]onestly, the facts of the attempt to commit murder in the first degree and the assault — I mean, the attempt was to murder [the victim]. The completed act in a very real sense was the assault in the first degree. They are so closely tied that I don't know how a jury can discriminate between the two of those.

¶ 8 The court agreed to add accessory to crime as a lesser nonincluded offense. The court then noted that the interrogatory related to accessory to attempted first degree murder in "the current [Colorado Jury Instructions (COLJI)] says, Did the Defendant know that the person had committed, been charged with, or been convicted of the crime of criminal attempt in the first degree murder?" The court said to defense counsel, it "looks like you've changed the language a little bit from the current COLJI" because the tendered interrogatory referred to whether "the [d]efendant kn[e]w the person was suspected of or wanted for." Defense counsel agreed that his proposed language must have come from an

3

older version of the COLJI, but that he was "fine with the current language."

¶ 9    The court asked defense counsel to submit "the verdict question form with the exact language from the current COLJI," and defense counsel said, "I will do that." The court then said, "So I'll give [the accessory instruction] with the question." Defense counsel did not lodge further objection or seek further clarification as to which question the court was referring.

¶ 10   Immediately before closing arguments, the court went through the final instructions — one-by-one — with the parties. The court confirmed with defense counsel that he was asking for "accessory as a lesser non-included." Defense counsel replied, "Yes." The court then sought to confirm that it had the appropriate "verdict form and a question form for accessory to crime." Defense counsel confirmed that he had no objection to the form, content, or order of the instructions. The verdict form for accessory to crime included only an interrogatory as to attempted first degree murder.

¶ 11    The jury acquitted Wilson of the charged crimes but convicted him of the lesser nonincluded offense of accessory to crime and answered the special interrogatory in the affirmative.

## II.    Discussion

¶ 12    Wilson contends that the trial court constructively amended the information, in violation of Crim. P. 7(e), by instructing the jury on the lesser nonincluded offense of accessory to attempted first degree murder without his consent.  Because we conclude that Wilson's counsel consented to the addition of this offense, we perceive no error.

¶ 13    In Colorado, a criminal defendant is entitled to have the jury presented with the option of convicting him of a lesser nonincluded offense, so long as there is a rational evidentiary basis to simultaneously acquit on the charged offense and convict on the lesser.  *People v. Naranjo*, 2017 CO 87, ¶ 15.  Neither the prosecution nor the trial court may seek to add such a lesser nonincluded offense.  *See* Crim. P. 7(e); *People v. Martinez*, 2024 COA 34, ¶ 32; *Moore v. People*, 925 P.2d 264, 269 (Colo. 1996).  This is so because a defendant is entitled to notice of the charges he

5

faces and an adequate opportunity to prepare a defense. *Martinez*, ¶ 32. Therefore, Crim. P. 7(e) prohibits the substantive amendment of a criminal information once trial has begun. However, a *defense-requested* lesser nonincluded instruction is tantamount to adding a charge against the defendant *with* his consent. *Naranjo*, ¶ 17.

¶ 14   Contrary to Wilson's assertions on appeal, the record reveals that his counsel consented to the challenged lesser nonincluded charge. Defense counsel tendered the accessory instruction and accompanying special interrogatories. Though counsel expressed a preference that the court only instruct the jury on accessory to first degree assault, he noted that he was submitting both interrogatories "to be complete *depending on how the Court rules.*" (Emphasis added.) We agree with the People that providing the accessory instruction with an attempted first degree murder interrogatory (and specifically saying that it was presented depending on how the court ruled) constituted consent to the addition of the challenged offense. Had Wilson's counsel not consented to adding accessory to attempted first degree murder, he could have simply withdrawn his accessory instruction request. We

6

also agree with the People that Wilson's counsel's consent was confirmed when, while going through the final instruction packet with the parties — which included the interrogatory for attempted first degree murder (prepared by defense counsel) — the court specifically asked defense counsel if he was "asking for the accessory as a lesser non-included," to which counsel responded, "yes."

¶ 15 To the extent Wilson asserts that it was the prosecutor who requested that the jury be instructed on the crime of accessory to attempted first degree murder, we disagree. True, the prosecutor asserted that there was a rational basis to submit such an instruction, but it was defense counsel who tendered the special interrogatories, "to be complete depending on how the Court rule[d]." Likewise, we reject Wilson's argument that he tendered both interrogatories "only as a courtesy to the court." Regardless of the subjective intent of his submission, defense counsel opened the door to the court's decision by tendering both interrogatories. And he later affirmatively agreed that he wished to proceed with the one special interrogatory related to attempted first degree murder when

7

he just as easily could have sought to withdraw his lesser nonincluded instructional request. *Arko v. People*, 183 P.3d 555, 558 (Colo. 2008) (a defense request for a lesser nonincluded offense is a tactical and strategic choice by defense counsel).[1]

¶ 16　　Accordingly, we reject Wilson's claim that the trial court constructively amended the information by instructing the jury on the lesser nonincluded offense of accessory to attempted first degree murder without his consent.

### III.　Disposition

¶ 17　　The judgment is affirmed.

JUDGE LIPINSKY and JUDGE SULLIVAN concur.

---

[1] In his reply brief, Wilson concedes that his attorney "acquiesced" to so instructing the jury. Though he appears to assert that counsel had no choice but to do so, the choice was defense counsel's entirely.